IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>and )<br>)<br>KIRT WEST, )<br>INSPECTOR GENERAL OF THE )<br>LEGAL SERVICES CORPORATION, )<br>3333 K STREET, NW, 3RD FLOOR, )<br>WASHINGTON, D.C. 20007, )<br>)<br>      Petitioners, )<br>)<br>      v. )<br>)<br>CALIFORNIA RURAL LEGAL )<br>ASSISTANCE, INC., )<br>631 HOWARD ST., #300, )<br>SAN FRANCISCO, CA 94105 )<br>)<br>      Respondent. ) | Misc. No. 1:07-mc-00123 (EGS) |

## RESPONSE TO CRLA'S REQUEST FOR A DELAYED BRIEFING SCHEDULE

Petitioners United States of America and Kirt West, Inspector General of the Legal Services Corporation ("LSC-OIG"), hereby submit their response to California Rural Legal Assistance, Inc.'s ("CRLA") request for an alternative briefing schedule. First, CRLA's request appears to be moot under the Court's April 10, 2007 Order to Show Cause, which requires CRLA to file its substantive response by May 1, 2007. Second, CRLA's proposal is unworkable because it would cause undue delay for little beneficial purpose. Under CRLA's proposal, the parties would not begin briefing the merits of this straightforward subpoena enforcement matter for at least an additional 80 days. As CRLA acknowledges, LSC-OIG has been requesting the disputed records for close to fourteen months, and thus has been unable to complete its

investigation of CRLA's activities for report to the Subcommittee on Commercial and Administrative Law of the House Committee on the Judiciary.  Further delay is unwarranted.  LSC-OIG proposed a reasonable schedule in its motion for an order to show cause, balancing the time required for CRLA to provide a written response and the urgency of closing out an investigation that has been pending for sixteen months.

      CRLA seeks delay evidently to allow "a number of legal aid attorneys employed by CRLA" and unnamed "other persons . . . and organizations representing their interests" to move to intervene or file amicus curiae briefs.  Although Petitioners will evaluate and oppose, if necessary, any motions to intervene filed within the time permitted for briefing in the Court's April 10, 2007 briefing schedule, CRLA provides no basis for intervention in its response now to warrant its proposed protracted briefing schedule.  CRLA contends that the legal aid attorneys will seek to intervene "to determine their individual legal and ethical duties (and their clients' rights of privacy, and of confidential and privileged communications with their counsel."  CRLA Resp. at 9.  Under Federal Rule of Civil Procedure 24(a), however, intervention is not permitted when "an applicant's interest is adequately represented by existing parties."  In LSC-OIG's repeated requests for the records at issue, CRLA has vigorously argued that those same rights of privacy and confidential and privileged nature of communications prohibit disclosure.  CRLA has not once contended that its interests diverge from those of the attorneys employed to carry out CRLA's legal aid obligations.  Nor could it.  Indeed, in CRLA's response, it asserts that it seeks to protect "<u>CRLA's</u> client base," that many "clients consult <u>CRLA</u> confidentially," and that "[i]nformation that a particular person consulted <u>CRLA</u> on a particular date . . . regarding a particular kind of issue . . . with respect to a particular employer, landlord or family member . . .

is more than enough information to infer the particular client's specific motivation for the consultation . . .." CRLA Resp. at 4 (emphasis added). Importantly, CRLA contends that the "law governing the professional responsibilities of CRLA and the attorneys it employs imposes strict obligations." Id. at 5 (emphasis added). In similar subpoena enforcement matters brought by the LSC-OIG against other legal aid organizations, none has required intervention by individual attorneys or other organizations – even though each service provider raised similar professional and ethical duties as defenses. See, e.g., United States v. Legal Serv. for New York City, Misc. No. 00-mc-0241 (D.D.C. 2000); Bronx Legal Serv., et al. v. Legal Serv. Corp, Civ. No. 00-3423 (D.D.C. 2000); Hunton v. Williams, Misc. No. 95-00459 (D.D.C. 1995).

//
//
//
//
//
//
//
//
//
//
//
//

At base, LSC-OIG seeks information related to <u>CRLA's</u> activities and to investigate allegations of <u>CRLA's</u> non-compliance with the terms of its federal grants. CRLA has not demonstrated in its response that an additional 80 day delay, is either economical or beneficial. For those reasons, the Petitioners concur with the Court's April 10, 2007 Order entering the briefing schedule and requiring CRLA to respond to the Petition within 21 days.[1]

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General

                              JEFFREY A. TAYLOR
                              United States Attorney

                              /s/ Helen H. Hong

| OF COUNSEL: | ARTHUR R. GOLDBERG, D.C. Bar 180661 |
| --- | --- |
| LAURIE TARANTOWICZ | HELEN H. HONG, CA Bar 235635 |
| LSC-Office of Inspector General | Attorneys, Department of Justice |
| 3333 K Street, N.W., 3rd Floor | 20 Massachusetts Ave., N.W., Room 6107 |
| Washington, D.C. 20007 | Washington, D.C. 20530 |
| Tel: (202) 295-1660 | Tel: (202) 514-5838 |
| | Fax: (202) 616-8470 |
| | |
| | E-mail: helen.hong@usdoj.gov |
| | Attorneys for Petitioners |

---

[1] The Petitioners disagree with some of the factual and legal assertions in CRLA's response. The Petitioners intend to respond to those inaccuracies in its reply brief, due 14 days after CRLA's opposition is filed.

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 12, 2007, a true and correct copy of the foregoing Response to CRLA's Request for a Delayed Briefing Schedule was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system.  I certify that a true and correct copy of the foregoing Response to CRLA's Request for a Delayed Briefing Schedule was also electronically mailed to counsel for CRLA, Bernard A. Burk at bburk@howardrice.com.

          /s/ Helen H. Hong
          HELEN H. HONG