**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KIRT WEST, | ) | |
| INSPECTOR GENERAL OF THE | ) | |
| LEGAL SERVICES CORPORATION, | ) | |
| 3333 K STREET, NW, 3RD FLOOR, | ) | |
| WASHINGTON, D.C. 20007, | ) | |
| | ) | Misc. No.  1:07-mc-00123 (EGS) |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CALIFORNIA RURAL LEGAL | ) | |
| ASSISTANCE, INC., | ) | |
| 631 HOWARD ST., #300, | ) | |
| SAN FRANCISCO, CA 94105 | ) | |
| | ) | |
| Respondent. | ) | |

_____)

**OPPOSITION TO CRLA'S APPLICATION TO MODIFY
ORDER TO SHOW CAUSE FILED APRIL 10, 2007**

In its second request for a protracted briefing schedule, CRLA again advances no

adequate justification for either its requested 90-day briefing schedule, or the 80-day "motions

for intervention" delay before CRLA must address the merits of the Petition.  See CRLA's Appl.

at 4, 6.  First, CRLA provides little justification for its proposed three-month long briefing

schedule on the merits.  Although CRLA contends that the Petition raises "complex legal and

factual" issues, CRLA also acknowledges that it has:

> stated and explained [its] objections in detail in a [seven-page, single spaced]
> letter dated April 14, 2006, and . . . after discussion on a number of issues related
> to OIG's requests on August 4, 2006 CRLA unequivocally reconfirmed [in a
> single spaced three-page letter] the position to which it has adhered to this day
> regarding its obligations to withhold privileged and confidential materials and

regarding the inappropriate burden to review tens of thousands of files for privilege for no substantial reason.

CRLA's Appl. at 3 (emphasis added). Indeed, CRLA characterizes its November 2006, thirteen-page response to the subpoena as "<u>detailed</u> objections, once again raising <u>all</u> of the issues here in dispute." Id. at 4 (emphases added). If CRLA exercises reasonable diligence to comply with the Court's deadline of May 1, 2007, Petitioners certainly will consider any reasonable request for a brief enlargement of time to respond. See Apr. 10, 2007 Order on Mot. to Show Cause; Apr. 10, 2007 Minute Order on Mot. to Show Cause. As set forth in its current filing, however, CRLA fails to explain why the dispute over the applicability of certain state-law and federal privileges, which CRLA admits is primarily a legal question, requires such a lengthy delay – particularly when CRLA also acknowledges that it has already formulated and advanced "all of the issues here in dispute" in detail.

Second, CRLA similarly falters in attempting to justify the prolonged period for filing motions for intervention.[1] In an attempt to support its proposed schedule, CRLA presses a new theory of intervention that had not been specified in its April 9, 2007 response. CRLA now identifies, as potential intervenors, legal aid clients who may have privilege interests in the information purportedly sought in the subpoena. See CRLA's Appl. at 6. As Petitioners have emphasized, however, it is CRLA's <u>blanket</u> claims of privilege that cannot shield all of the

---

[1] CRLA asserts that Petitioners' April 12, 2007 response to CRLA's request for the 90-day intervention delay "amounts to opposing . . . as yet unmade motions by parties who have not yet appeared." CRLA's Appl. at 5. As Petitioner made clear in its response, however, it was not offering a blanket objection to all motions for intervention that could be filed in this subpoena enforcement matter. Rather, Petitioners objected to the proposed period of delay based solely on the speculative, unformed and unsupported theories of potential intervention in CRLA's response. As articulated in its response, CRLA lacked – and continues to lack – support for requesting a lengthy 80-day period for intervention.

requested data from disclosure.  See, e.g., Mem. of P.&A. in Supp. of Pet. for Summ.

Enforcement of Subpoena Duces Tecum at 18-20 (citing United States v. Legal Serv. for New

York City, 100 F. Supp. 2d 42, 46 (D.D.C. 2000)).  That certain of CRLA's legal aid clients may

have protectable interests in some information does not justify CRLA's blanket refusal to

produce data that is not protected by the federal attorney-client privilege or work product

doctrine.  As this court has held, CRLA must instead defend its privilege assertions specifically

and identifiably.  Id.  To allow CRLA's individual clients to intervene to raise specific claims of

privilege – rather than require CRLA to first identify whose specific data or documents it will

release and withhold – is not only unjustified, but inefficient and disorderly.[2]

Finally, CRLA argues that CRLA's interests diverge from those of its constituent

attorneys because "under California law, only individual lawyers and not law firms are subject to

professional discipline" or otherwise required to comply with professional responsibility laws.

CRLA's Appl. at 5.  Under California Business and Professional Code section 6167, CRLA's

---

[2] Thus, only when CRLA determines what portions of documents or data it will refuse to produce owing to specific claims of privilege, may Petitioners then evaluate those specific claims and determine whether they will continue to press forward with their requests for the information.  At this time, it is unclear whether the individual clients have any interests at stake because Petitioners challenge only CRLA's blanket refusal to produce enormous categories of documents.  As described in the opening memorandum in support of the petition, CRLA has implicitly conceded that some information is unprotected by attorney-client privilege or work product protections.  See Mem. of P.&A. in Supp. of Pet. for Summ. Enforcement of Subpoena Duces Tecum at 7.  Only after CRLA appropriately identifies what information it will produce and what specific information it will withhold, may a client have potential interest in objecting to CRLA's agreement to produce the information.  Cf. In re Oral Testimony of a Witness Subpoenaed Pursuant to Civil Investigative Demand No. 98-19, 182 F.R.D. 196, 205 (E.D. Va. 1998) ("A putative intervenor must demonstrate an interest relating to the property which is the subject of the action; the mere assertion that the examination of third party records may unearth incriminating evidence is not sufficient to invoke Rule 24.") (internal quotation and citation omitted).

assertion is simply untrue.  California law unambiguously provides that "a law corporation shall

not do or fail to do any act the doing of which or the failure to do which, would constitute a

cause for discipline of a member of the State Bar, under any statute, rule or regulation now or

hereafter in effect.  In the conduct of its business, it shall observe and be bound by such statutes,

rules and regulations to the same extent as if specifically designated therein as a member of the

State Bar."[3]  Cal. Bus. & Prof. Code § 6167.  Regardless, CRLA has been pressing the putative

ethical and professional responsibilities of its employees throughout its objections and has been

adequately representing their interests.

//

//

//

//

//

//

//

//

---

[3] CRLA describes itself as a non-profit, California corporation.  See CRLA's Resp. at 2.
It has not argued or shown that it is not otherwise a "law corporation" or a "nonprofit public
benefit corporation" within the meaning of California law.  In any event, the California Supreme
Court has noted that a nonprofit public benefit corporation's failure to comply with its charitable
mission is sanctionable.  See Frye v. Tenderloin Housing Clinic, Inc., 38 Cal. 4th 23, 53 (2006)
(stating that "the Attorney General is vested with authority to bring actions to challenge a
nonprofit public benefit corporation's failure to comply with its charitable mission or corporate
charter").

**CONCLUSION**

Because CRLA has failed to establish any cause for delay in its Response or Application,

Petitioners concur with the schedule set forth in the Court's April 10, 2007 Order (and Minute

Order) requiring CRLA to respond by May 1, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

/s/ Helen H. Hong

OF COUNSEL:                         ARTHUR R. GOLDBERG, D.C. Bar 180661
LAURIE TARANTOWICZ           HELEN H. HONG, CA Bar 235635
LSC-Office of Inspector General      Attorneys, Department of Justice
3333 K Street, N.W., 3rd Floor        20 Massachusetts Ave., N.W., Room 6107
Washington, D.C. 20007              Washington, D.C.  20530
Tel: (202) 295-1660                   Tel: (202) 514-5838
                                        Fax: (202) 616-8470

                                        E-mail: helen.hong@usdoj.gov
                                        Attorneys for Petitioners

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 16, 2007, a true and correct copy of the foregoing

Opposition to CRLA's Application to Modify Order to Show Cause of April 10, 2007 was

served electronically by the U.S. District Court for the District of Columbia Electronic

Document Filing System (ECF) and that the document is available on the ECF system.  I certify

that a true and correct copy of the foregoing Response to CRLA's Request for a Delayed

Briefing Schedule was also electronically mailed to counsel for CRLA, Bernard A. Burk at

bburk@howardrice.com.


/s/ Helen H. Hong
HELEN H. HONG

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
UNITED STATES OF AMERICA                            )
                                                    )
and                                                 )
                                                    )
KIRT WEST,                                          )
INSPECTOR GENERAL OF THE                            )
LEGAL SERVICES CORPORATION,                         )
3333 K STREET, NW, 3RD FLOOR,                       )
WASHINGTON, D.C. 20007,                             )
                                                    )    Misc. No.  1:07-mc-00123 (EGS)
            Petitioners,                            )
                                                    )
            v.                                      )
                                                    )
CALIFORNIA RURAL LEGAL                              )
ASSISTANCE, INC.,                                   )
631 HOWARD ST., #300,                               )
SAN FRANCISCO, CA 94105                             )
                                                    )
            Respondent.                             )
_____)

**[PROPOSED] ORDER DENYING CRLA'S APPLICATION TO
MODIFY ORDER TO SHOW CAUSE FILED APRIL 10, 2007**

Based on CRLA's Application to Modify Order to Show Cause Filed April 10, 2007 and

Petitioners' Opposition, it is hereby

ORDERED that CRLA's Application to Modify Order to Show Cause Filed April 10,

2007 be, and hereby is, DENIED.  The parties shall abide by the schedule set forth in the Court's

April 10, 2007 Order on Motion to Show Cause and April 10, 2007 Minute Order.

Dated this _____ day of _____, 2007.

                                        _____
                                        JUDGE EMMET G. SULLIVAN