## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> and <br><br> KIRT WEST <br> INSPECTOR GENERAL OF THE <br> LEGAL SERVICES CORPORATION <br> 3333 K STREET, NW, 3RD FLOOR <br> WASHINGTON, DC 20007 <br><br> Petitioners, <br><br> v. <br><br> CALIFORNIA RURAL LEGAL <br> ASSISTANCE, INC., <br> 631 HOWARD ST., #300 <br> SAN FRANCISCO, CA 94105 <br><br> Respondent <br><br> JANE AND JOHN DOE. <br><br> Respondent-Intervenors | Case No:    1:07-MC-00123 <br> Assigned to:  Sullivan, Emmet G. |

## MOTION OF JANE AND JOHN DOE TO PROCEED
## UNDER FICTITIOUS NAME

## I.    INTRODUCTION

In connection with their motion to intervene in this action, Jane and John Doe hereby

move this Court for an order to proceed pseudonymously to protect their rights to privacy and

anonymity as set forth in detail below and in their motion to intervene.  Jane and John Doe

should be permitted to proceed because Petitioners seek to compel Respondent California Rural

Legal Assistance, Inc. ("CRLA") to produce their names and to identify them in connection with

information subject to the attorney-client privilege. Jane and John Doe also respectfully request a waiver of the requirement under the Local Rules to file their current addresses of as part of the public record.

## II.    **FACTUAL BACKGROUND**

Petitioners United States of America and Kirk West, Inspector General of the Legal Services Corporation, filed this action to enforce an administrative subpoena seeking the names and attorney-client information of current and former clients of CRLA. Jane and John Doe are indigenous migrant farm workers who are former clients of CRLA. They sought confidential legal advice from CRLA in or around 2000 and 2002 in connection with unsafe and unsanitary working conditions on the farms where they worked. Concerned about retaliation by their employers, Jane and John Doe requested that their attorneys at CRLA not disclose their identity out of fear that their employers would fire them or cause physical injury to their families if they were identified as informants.[1]

In connection with the OIG's administrative subpoena to CLRA, intervenors do not know what information CRLA has disclosed about them but understand that no identifiable information has been produced. Should the Court require additional information to be submitted, Jane and John Doe are prepared to do so to the extent possible given the privacy interests at stake.

---

[1] The Declaration of Jane Doe will be submitted to the Court in redacted format at the time of filing of this motion. John Doe is a migrant farm worker who has been traveling for work throughout California. Counsel expects to receive a signed copy of his declaration within the next week to ten days for filing.

## III.   **ARGUMENT**

### A.    **Legal Standards.**

Pseudonymous, or "fictitious" filing, has been allowed by this and other courts where parties are concerned about privacy and confidentiality. *See, e.g., Doe v. Sullivan*, 938 F.2d 1370 (D.C. Cir. 1991) (allowing plaintiff to file complaint pseudonymously in action brought by military serviceman challenging combat medical procedures); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992); *OAH v . Tabor*, 1991 WL 120087, at *1 n.1 (D.D.C. June 18, 1991) (allowing plaintiff to proceed under fictitious name where plaintiff was seeking to compel action on his legalization application).

As noted in *James v. Cecil Jacobson*, 6 F.3d 233 (4th Cir. 1993), some factors to be considered on a motion to proceed pseudonymously include:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at

The court in *Doe v. Rostker*, 89 F.R.D. 158 (N.D. Cal. 1981), also outlined the following as a standard:

> [a party] should be permitted to proceed anonymously in cases where a substantial privacy interest is involved.  The most compelling situations involve matters which are highly sensitive, such as (1) social stigmatization, (2) real danger or physical harm, or (3) where the injury litigated against would occur as a result of the disclosure of the [party's] identity.

*Id.* at 162; *see also Doe v. Bell Atlantic Business Sys. Serv., Inc.*, 162 F.R.D. 418, 420 (D. Mass 1995), *Blue Cross*, 794 F. Supp. at 74; *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D. Miss. 1987)

(all citing the above-quoted passage favorably).  In *Blue Cross*, the court considered the relevant facts and applied the standard stated in *Rostker* to permit a party to proceed fictitiously on grounds that they had "a substantial privacy interest at stake," and that proceeding under a fictitious name was necessary given the privacy interests involved. 794 F. Supp. at 74.

Similarly in *Roe v. Ingraham*, 364 F. 536, 541, n.7 (S.D.N.Y. 1973), plaintiffs alleged that their identities should remain anonymous because disclosure of identifiable information would cause the harm that they sought to prevent.  *Id.*  The Court noted that anonymity in pleading "was given implicit recognition by the United States Supreme Court....[and] if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid."  *Id.* at 541, n. 7.  "Under such circumstances it is permissible to proceed by pseudonym but only if these fictitious names are actually representative of real and specific aggrieved individuals."  *Id.*[2]

Courts also have permitted actions to be brought under pseudonyms where a party fears that he or she might be retaliated against by an employer for reporting a violation of the law.  *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973) (permitting pseudonymous filing where informants reported their employer for violations of the Fair Labor Standards Act); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (allowing fictitious filing where plaintiffs had to reveal intimate details about their religious practices for which they were likely to suffer harassment).

---

[2] The Court permitted the pseudonymous filing where "attorneys have represented to the court that these preconditions have been met." *Id.*  See Declaration of Rodney M. Hudson.

- 4 -

In cases adverse to the government, courts have noted that movants have a lower threshold for proceeding fictitiously than if only private litigants are involved. *Southern Methodist Univ. Ass'n. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (noting that anonymity is more often allowed in cases challenging the validity of government activity, because unlike a private party, the government's reputation is not injured by participation in a lawsuit); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 11 (D.D.C. 2005) (citing *James v. Jacobson*; 6 F. 3d 233, 238 (4th Cir. 1993).

**B.      Jane and John Doe Should Be Permitted to Proceed Pseudonymously**

Jane and John Doe's application for proceeding pseudonymously falls squarely within the precedent established by the courts that have considered this issue.

The OIG's Petition seeks to disclose Jane and John Doe's identities, and other identifiable information about them.  This is precisely the case where "the injury litigated against would occur as a result of the disclosure of the [party's] identity." *Doe v. Rostker*, 89 F.R.D. 158.  Jane and John Doe's identity are one of the issues that will be litigated on the merits of the OIG's Petition. *Blue Cross*, 794 F.Supp. at 74; *Ingraham,* 364 F. 536, 541, n.7

Jane and John Doe also feared that their employers would retaliate against them and their families if they were identified as the informants who reported unsafe and unsanitary working conditions. *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107; *Doe v. Rostker*, 89 F.R.D. 158.  John Doe also feared physical injury to himself and his family at the direction of his employer if he was identified as the informant. *Doe v. Rostker*, 89 F.R.D. 158.

## V.  **CONCLUSION**

For these reasons, Jane and John Doe respectfully request that the Court permit them to proceed pseudonymously under the names indicated herein.


May 18, 2007                                    Respectfully Submitted,


*Elizabeth Ewert*
_____
Michael McManus (DC Bar No. 263832)
Elizabeth Ewert (DC Bar No. 479368)
Rebecca Hirselj (DC Bar No. 478239)
DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
Phone:  (202) 842-8800
Fax:     (202) 842-8465
E-mail: Elizabeth.Ewert@dbr.com

Rodney Hudson (*pro hac vice pending*)
DRINKER BIDDLE & REATH LLP
50 Fremont Street
San Francisco, CA 94105-2235
Phone: (415) 591-7500
Fax:     (415) 591-7510
E-mail:  Rodney.Hudson@dbr.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KIRT WEST | ) | |
| INSPECTOR GENERAL OF THE | ) | |
| LEGAL SERVICES CORPORATION | ) | |
| 3333 K STREET, NW, 3RD FLOOR | ) | |
| WASHINGTON, DC 20007 | ) | |
| | ) | Case No:      1:07-MC-00123 |
| Petitioners, | ) | Assigned to:  Sullivan, Emmet G. |
| | ) | |
| v. | ) | |
| | ) | |
| CALIFORNIA RURAL LEGAL | ) | |
| ASSISTANCE, INC., | ) | |
| 631 HOWARD ST., #300 | ) | |
| SAN FRANCISCO, CA 94105 | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| JANE AND JOHN DOE. | ) | |
| | ) | |
| Proposed Respondent-Intervenors | ) | |
| | ) | |

### DECLARATION OF RODNEY M. HUDSON

I, Rodney M. Hudson, declare:

1.      I am a partner at the law firm of Drinker Biddle & Reath LLP, counsel of record for Respondent-Interveners Jane and John Doe, and have applied for admission to appear *pro hac vice* before this Court.

2.      I submit this declaration in support of Jane and John Doe's Motions to Proceed Under Fictitious Names and to Intervene as Respondents.

SFI\384108\1

3.    As identified in these Motions, Jane Doe and John Doe represent persons with whom I have spoken and who are former clients of Respondent California Rural Legal Assistance, Inc.

4.    Jane Doe and John Doe have expressed the desire to remain anonymous for the reasons stated in Respondent-Intervenor's Motions and the declarations that will accompany those Motions.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 18 day of May 2007 at San Franc, California.

Rodney M. Hudson

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                    )
                                             )
and                                          )
                                             )
KIRT WEST                                    )
INSPECTOR GENERAL OF THE                     )
LEGAL SERVICES CORPORATION                   )
3333 K STREET, NW, 3RD FLOOR                 )
WASHINGTON, DC 20007                         )
                                             )   Case No:      1:07-MC-00123
                    Petitioners,             )   Assigned to:  Sullivan, Emmet G.
                                             )
         v.                                  )
                                             )
CALIFORNIA RURAL LEGAL                       )
ASSISTANCE, INC.,                            )
631 HOWARD ST., #300                         )
SAN FRANCISCO, CA 94105                      )
                                             )
                    Respondent               )
                                             )
                                             )
                                             )

DECLARATION OF 

I, _____, declare:

1.    I am 32 years old and reside in California.

2.    In or around 2002, I was a client of California Rural Legal Assistance, Inc. ("CRLA"), and sought legal advice in connection with my employer's retaliation against a group of employees and subsequent failure to pay wages.

3.    During the time that CRLA represented me, I understood that my conversations with attorneys and staff at CRLA were confidential, and would not be disclosed to third parties.

4.      After one of my co-workers expressed concern and complained about the failure of our employer to provide lunch and other breaks, our employer fired a group of employees.

5.      Although I was not the person who complained to our employer, I was fired. My employer subsequently refused to pay me and other employees. I did not confront my employer about these and other conditions because I feared retaliation including that I would be fired.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 17 day of May 2007 at Fresno, California.

**REDACTED**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2007, a copy of the above and foregoing Motion of Jane and John Doe To Proceed Under Fictitious Name, Supporting Declarations of Rodney M. Hudson and Anonymous, and Proposed Order was filed and served via first class mail, postage prepaid to:

Arthur R. Goldberg
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Room 7104
Washington, DC 20530

Helen H. Hong
U.S. Department of Justice
20 Massachusetts Avenue, NW
6th Floor
Washington, DC 20530

Bernard A. Burk
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embaracdero Center
7th Floor
San Francisco, CA 94111-4024

_Elizabeth Ewert_
Elizabeth Ewert

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>and<br>KIRT WEST,<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION,<br>3333 K STREET, NW, 3RD FLOOR,<br>WASHINGTON, D.C. 20007<br><br>      Petitioners,<br><br>      v.<br><br>CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300,<br>SAN FRANCISCO, CA 94105<br><br>      Respondent.<br><br>JANE AND JOHN DOE.<br><br>      Proposed Respondent-Intervenors | Case. No.   1:07-mc-00123 (EGS)<br>Assigned to:  Sullivan, Emmet G. |

## ORDER GRANTING MOTIONS OF JANE AND JOHN DOE TO PROCEED FICTITIOUSLY AND TO INTERVENE

This Matter having come before this Court on the Motions of Jane and John Doe to Proceed Fictitiously and to Intervene as Respondents. Upon consideration of these motions, the court hereby grants the motions to proceed fictitiously and to intervene as Respondents.

_____

JUDGE

Dated: _____

Time: _____

SF1\384077\1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> and <br><br> KIRT WEST <br> INSPECTOR GENERAL OF THE <br> LEGAL SERVICES CORPORATION <br> 3333 K STREET, NW, 3RD FLOOR <br> WASHINGTON, DC 20007 <br><br>         Petitioners, <br><br>      v. <br><br> CALIFORNIA RURAL LEGAL <br> ASSISTANCE, INC., <br> 631 HOWARD ST., #300 <br> SAN FRANCISCO, CA 94105 <br><br>         Respondent <br><br> JANE AND JOHN DOE. <br><br>      Proposed Respondent-Intervenors | Case No:      1:07-MC-00123 <br> Assigned to:  Sullivan, Emmet G. |

**MOTION OF JANE AND JOHN DOE TO INTERVENE AS RESPONDENTS**

## I.    INTRODUCTION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Jane and John Doe[1] seek to

intervene as Respondents in this action and to file the proposed answer in intervention attached

hereto as Exhibit A.  Jane and John Doe are former clients of Respondent California Rural Legal

---

[1] "Jane Doe" and "John Doe" are pseudonyms.  Movants have filed concurrently herewith a
motion to proceed pseudonymously.

Assistance ("CRLA") whose names and attorney-client privileged information that Petitioners

United States of America and Kirk West, Inspector General of the Legal Services Corporation

("OIG"), seek to obtain through this enforcement action.  Based upon the OIG's Petition and

CRLA's Partial Response, intervenors understand that there are significant issues in dispute

regarding documents and information subject to both the attorney-client privilege and

intervenor's right to privacy and confidentiality.  As parties whose identities and privileged

information stands to be disclosed, Jane and John Doe have a significant interest that requires an

opportunity to be heard on the merits of the OIG's Petition.

     Jane and John Doe are migrant farm workers who sought legal advice from CRLA on the

condition of anonymity and in confidence.  Both were concerned that their employers would

retaliate against them for reporting unsafe or unsanitary working conditions.  Only after

assurances that Jane and John Doe's information would remain confidential and that protections

were in place to ensure their anonymity did they seek legal advice from an attorney.

     Against Jane and John Doe's privacy interest, the OIG seeks to enforce a vastly

overbroad administrative subpoena to obtain the identities of Jane and John Doe and to reveal

other information that is protected by the attorney-client privilege.  If intervenor's information is

disclosed, Jane and John Doe's interest in preserving their confidences will be impaired.  The

OIG has not demonstrated a compelling reason for client-identifiable information, and only upon

that showing can the merits of its request be properly considered.

     Nor will the existing parties adequately represent the interests of Jane and John Doe.

Although CRLA and these intervenors may be aligned in some respects, they have distinct

interests that should be considered separately.  Jane and John Doe are holders of the attorney-

client privilege and have a personal interest in protecting their identities and other confidences.

CRLA has no obligation to represent Jane or John Doe's unique interests as a legal organization, and may have different interests as a result of its relationship with the Legal Services Corporation, the same agency that Petitioner OIG is authorized to act on behalf of and that provides funding to CRLA. Intervenors also are concerned that CRLA might agree to disclose certain information if it resolves the burden issue with Petitioners. Resolution of this issue would be significant and adverse to the interests of Jane and John Doe, who would have no adequate representation if information were to be disclosed.

For these and the following reasons, Jane and John Doe's motion to intervene should be granted.

## II.    BACKGROUND

Jane and John Doe are migrant farm workers and former clients of CRLA. Both of them sought confidential legal advice in connection with unsafe or unsanitary working conditions on the farms where they worked. Concerned about retaliation by their employer, they requested that their attorneys at CRLA not disclose their identity in public documents out of fear that their employers might fire them or cause physical injury if they were identified as informants. Intervenors have or will submit redacted declarations in support of this motion and their concurrently filed motion to proceed pseudonymously.[2]

In connection with the OIG's administrative subpoena to CLRA, intervenors do not know what information CRLA has disclosed about them. Should the Court require additional

---

[2] Intervenors respectfully submit that the Declaration of Jane Doe will be submitted to the Court at the time of filing of this motion. John Doe is a migrant farm worker who has been traveling for work throughout California. Counsel expects to receive a signed copy of his declaration within the next week to ten days for filing. See also Declaration of Rodney M. Hudson.

information to be submitted, intervenors are prepared to do so to the extent possible given the privacy interests at stake.

Counsel for Jane and John Doe also have been contacted by numerous other individuals seeking representation in these proceedings. Given the issues involved and the time frame for filing motions to intervene, there may be additional interested parties who seek to join these intervenors and to be heard on the merits of the OIG's Petition. Counsel notes, however, that many of these potential intervenors only recently learned of this proceeding but not within sufficient time to personally participate in this motion to intervene submitted in accordance with the Court's April 18, 2007 order.

## III.    ARGUMENT

### A.    Legal Standards.

Intervention is appropriate as of right when an action may impair or impede a cognizable interest of the applicant. Fed. R. Civ. P. 24(a)(2); *Williams & Lambert Ltd. v. W&H Trademarks (Jersey) Ltd*, 840 F.2d 72 (D.C. Cir. 1988). Rule 24 is to be liberally construed consistent with the parties' rights to due process. *Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967).

In determining whether an applicant has the right to intervene, the D.C. Circuit Court of Appeals has applied the following four part test: (1) a timely application, (2) a cognizable interest, (3) impairment of the interest, and (4) inadequate representation by the existing parties. *Id.* In this Circuit, the interest at stake for intervenor must arise to the level of Article III standing. *Roeder v. Islamic Republic of Iran*, 333 F.2d 228 (D.C. Cir. 2003). Depending on the particular interest asserted, "the matter of standing may be purely academic." *Id.* at 233.[3]

---

[3] The D.C. Circuit Court of Appeal in *Roeder* noted that "[o]ne Court has rightly pointed out that any person who satisfies Rule 24(a) will also meet Article III's standing requirement." *Roeder*, 333 F.3d 228 (citing *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000).

With regard to a client's interest in protecting privileged information and rights to privacy and confidentiality, courts have held that "[c]olorable claims of the attorney-client privilege and work product privilege qualify as sufficient interests to ground intervention as of right." *In re Grand Jury Subpoena (Custodian of Record, Newsparent)*, 274 F.3d 563, 570 (1st Cir. 2001); *see United States v. AT&T*, 642 F.2d 1285, 1292 (a claim of "privilege satisfy[ies] the[e] definition of legal interests" for purposes of intervention). A party who has "[a] legitimate property or privacy interest in the documents possessed by the third party" has sufficient grounds to satisfy standing requirements. *In re Grand Jury Proceedings (Diamonte)* 814 F.2d 61 (1st Cir. 1987); *see also Reisman v. Caplin*, 375 U.S. 440 (1964) (due process requires an opportunity to be heard); *Washington State Building & Construction Trades v. Spellman*, 684 F.2d 627 (9th Cir. 1982).[4]

**B.    Intervenors' Application Is Timely**

It is within the sound discretion of the court to determine whether an application is timely. *Williams & Lumbart*, 840 F.2d at 74-75. Factors to be considered for timely filing include the "time elapsed since the inception of the suit, the purposes for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probably of prejudice to those already parties in the case." *United States v. British American Tobacco Australia Services, Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006).

---

[4] As was noted by the Court in response to an administrative subpoena issued by the Director of the National Institute of Occupational Health and Safety to employees of General Motors, "[i]n the absence of some compelling need to identify individuals…, it would seem that individual rights of a person should not be taken from him without his knowledge and without an opportunity to be heard." *General Motors Corp. v. Finklea*, 459 F.Supp. 235, 239 (S.D. Ohio 1978).

Jane and John Doe's motion was timely filed pursuant to the Court's April 18, 2007

Order. As noted above, counsel for intervenors have been contacted by other former clients of

CRLA and other parties who have expressed an interest in participating in these proceedings but

only recently learned that the OIG has filed an action seeking to disclose their identity and other

confidential information. *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003)

("[t]imeliness is measured from when the prospective intervenor 'knew or should have known

that any of its rights would be directly affected by the litigation.'"). Counsel respectfully submits

that additional clients that may seek to join in this intervention and will do so as soon as

practical, taking into consideration any briefing schedule the Court may enter to address the

merits of the OIG's Petition. *United States v. British American*, 437 F.3d 1235 (one factor in

determining timeliness is any prejudice to the other parties).

### C.    <u>Intervenors Have A Substantial Interest In This Action</u>

Rule 24 requires "an interest relating to the property or transaction which is the subject of

the action." *Foster v. Guoery*, 655 F.2d 1319, 1324 (D.C. Cir. 1981). Petitioners seek to enforce

a subpoena for Jane and John Doe's attorney-client privileged and other information that they

reasonably expected would be kept in confidence. As the holder of the privilege and the subject

of the information, Jane and Joe Doe have a personal stake in the outcome of this proceeding.

Although intervenors have not been involved in the negotiations over enforcement of the

subpoena to date, there are clearly disputed issues concerning the scope and applicability of

certain privileges and other rights to privacy and confidentiality.

Courts in this and other circuits have held that an intervenor's colorable claim to the

attorney-client privilege and the right of privacy to information held by a third party is sufficient

to demonstrate that a party has an interest to intervene as of right. *U.S. v. AT&T Co.*, 642 F.2d at

1292; *In re Grand Jury Proceedings (Diamonte)*, 814 F.2d 61; *Resiman v. Caplin*, 374 U.S. 440,

466 (1964); *see also Washington State Building & Construction Trades v. Spellman*, 684 F.2d

627 (9th Cir. 1982).[5]  Jane and John Doe satisfy this requirement.

Nor should the OIG be permitted to proceed with its broad administrative subpoena

seeking to compel disclosure of attorney-client and other confidential information without

appropriate checks and safeguards to protect the interests of Jane and John Doe.  *General*

*Motors, infra; see also Gilbert v. City of San Jose*, 114 Cal.App.4th 606, 670; *Schlmeyer v.*

*Department of General Services*, 17 Cal.App.4th 1072 (1993).[6]

**D.**      **The Interests of These Intervenors Will be Impaired If the Relief Requested**
          **Is Granted.**

Courts in this Circuit require that "an intervenor be so situated that as a practical matter

disposition of the action may impair or impede his ability to protect his interest." *Foster*, 655

F.2d 1319, 1325.  An action seeking to compel disclosure of attorney-client privileged and other

confidential information is sufficient to demonstrate that an interest "may be" impaired.  *U.S. v.*

*AT&T Co., infra.*,  642 F.2d 1292; .  As noted in *U.S. v. AT&T*, a privilege may be impaired if a

"third party with a claim of privilege" is not permitted to intervene to assert the privilege.  *Id.* at

1292.  And the right to protect the information is a "legal interest [that] can be directly lost

through" a proceeding seeking to disclose the information.  *Id.*

---

[5] *Baird v. Koerner*, 279 F.2d 623 (9th Cir. 1960) (the motivation for seeking legal advice is
privileged); *see In re Sealed Ca*se, 877 F.2d 976, 979 (D.C. Cir. 1989) (motivation and identity
of clients is confidential); *United States v. Garde*, 673 F.Supp. 604 (D.C.C. 1987).

[6] In addition to the attorney-client privilege, courts have recognized that employees like Jane and
John Doe raise concerns about privacy in the workplace that are "one of the more sensitive."
*Tien v. Superior Court* (2006) 139 Cal. App. 4th 528, 541.  If an employer knows that an
employee has sought legal advice about conditions in the workplace, "employees may be
reluctant to engage in any act their employer may perceive as adversarial for fear of retaliation.
Therefore, if employees feel their employer will be informed whenever they contact an attorney
suing an employer, many would be deterred from exercising their right to consult counsel." *Id.*
*Tien, Infra.*

Numerous other courts have recognized that an action seeking to compel a third party to disclose privileged or other confidential information in which the intervenor has a claim of privacy constitutes an impairment of interests. *In re Grand Jury Subpoena (Custodian of Record, Newsparent)*, 274 F.3d 563; *In re Grand Jury Proceedings (Diamonte)* 814 F.2d 61; *see also Reisman v. Caplin*, 375 U.S. 440.[7]

Jane and John Doe satisfy the impairment of interest prong. They are the holder of the attorney-client privilege and their interests will be impaired if the OIG's Petition is granted. Nor has the OIG limited its requests in any way that would render the impairment of the intervenor's interests moot. Although OIG apparently makes an offer in its Petition to exclude "fields containing case summaries" and "social security numbers," continues to demand documents containing attorney-client information and other information that Jane and John Doe reasonably expected would remain private. OIG Memo. at p. 6.

### E.    The Interests of the Intervenors Are Not Adequately Represented by the Existing Parties.

Intervention as of right must be permitted "unless the applicant's interest is adequately represented by existing parties." *Nuesse v. Camp*, 358 F.2d 694, 702 (D.C. Cir. 1967). In the D.C. Circuit, the burden of persuasion is on the party "opposing intervention to show that representation of the absentee will be adequate." *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.*, 105 F.R.D. 106, 112 (D.D.C. 1985); *see also Foster v. Gueory*, 655 F.2d 1319, 1325 (D.C. Cir. 1981) (citing *Trbovich v. United Mine Workers of America*, 404 U.S. 528 n. 10).

---

[7] In addition to the impairment of interest requirement, this line of cases also supports that an intervenor seeking to prohibit disclosure of privileged and confidential information has Article III standing to challenge the disclosure. *See Roeder v. Islamic Republic of Iran*, 333 F.2d 228.

The OIG cannot satisfy this burden. As clients of CRLA, Jane and John Doe have rights to protect their information that go beyond the rights and obligations of CRLA and its attorneys. The intervenors concerns of retaliation, safety and a desire to remain anonymous are not arguments that CRLA or its attorneys are necessarily obligated to assert on behalf of their former clients. Although it is expected that there will be some alignment of interests, Jane and John Doe have distinct interests separate and apart from CRLA and its attorneys. Differences in interests might exist because CRLA's adversary, the Inspector General of the Legal Services Corporation, is linked to the agency that provides CRLA federal funding. Nor would an agreement between CRLA and the OIG to eliminate the burden of production ensure that the interests of Jane and John Doe are adequately represented. Jane and John Doe's interest is to prohibit disclosure of their identifiable information and to preserve their rights to confidentiality for all of the reasons stated herein.

## IV.   **CONCLUSION**

For the foregoing reasons, Jane and John Doe's motion to intervene should be granted.


May 18, 2007                                        Respectfully Submitted,


                                                   *Elizabeth Ewert*
                                                   Michael McManus (DC Bar No. 263832)
                                                   Elizabeth Ewert (DC Bar No. 479368)
                                                   Rebecca Hirselj (DC Bar No. 478239)
                                                   DRINKER BIDDLE & REATH LLP
                                                   1500 K Street, NW
                                                   Suite 1100
                                                   Washington, DC 20005
                                                   Phone:  (202) 842-8800
                                                   Fax:    (202) 842-8465
                                                   E-mail:  Elizabeth.Ewert@dbr.com

Rodney Hudson (*pro hac vice pending*)
DRINKER BIDDLE & REATH LLP
50 Fremont Street
San Francisco, CA 94105-2235
Phone:  (415) 591-7500
Fax:     (415) 591-7510
E-mail:  Rodney.Hudson@dbr.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2007, a copy of the above and foregoing Motion of Jane and John Doe To Intervene As Respondents was filed and served via first class mail, postage prepaid to:

Arthur R. Goldberg
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Room 7104
Washington, DC 20530

Helen H. Hong
U.S. Department of Justice
20 Massachusetts Avenue, NW
6th Floor
Washington, DC 20530

Bernard A. Burk
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embaracdero Center
7th Floor
San Francisco, CA 94111-4024

*Elizabeth Ewert*

Elizabeth Ewert

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>and<br><br>KIRT WEST<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION<br>3333 K STREET, NW, 3RD FLOOR<br>WASHINGTON, DC 20007<br><br>        Petitioners,<br><br>    v.<br><br>CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300<br>SAN FRANCISCO, CA 94105<br><br>        Respondent<br><br>DOES 1 and 2.<br><br>        Respondent-Intervenors | Case No:    1:07-MC-00123<br>Assigned to:  Sullivan, Emmet G. |

## PROPOSED ANSWER IN INTERVENTION TO PETITION FOR SUMMARY
## ENFORCEMENT OF ADMINISTRATIVE SUBPOENA DUCE TECUM

Does 1 and 2 are former clients of Respondent California Rural Legal Assistance, Inc.

("CRLA") who have respectfully requested to intervene and to proceed under fictitious names

before this Court. Does 1 and 2 Answer the Petition for Summary Enforcement of

Administrative Subpoena Duces Tecum filed by the United States of America and Kirk West,

Inspector General of the Legal Services Corporation ("LSC-OIG"), as follows:

SF1\384080\1

1.      The allegations contained in Paragraph 1 of the Petition state legal conclusions, therefore no response is required.

## PARTIES

2.      The allegations contained in Paragraph 2 of the Petition state legal conclusions, therefore no response is required.

3.      The allegations contained in Paragraph 3 of the Petition do not pertain to this Intervenor, therefore no response is required.

## JURISDICTION AND VENUE

4.      The allegations contained in Paragraph 4 of the Petition state legal conclusions, therefore no response is required.

5.      The allegations contained in Paragraph 5 of the Petition state legal conclusions, therefore no response is required.

## STATUTORY PROVISIONS

6.      To the extent that the allegations contained in Paragraph 6 of the Petition state legal conclusions no response is required.  To the extent that Paragraph 6 can be construed to state facts, the allegations of this Paragraph does not pertain to these Respondent-Intervenors.

7.      To the extent that the allegations contained in Paragraph 6 of the Petition state legal conclusions no response is required.  To the extent that Paragraph 6 can be construed to state facts, the allegations of this Paragraph does not pertain to these Respondent-Intervenors.

8.      The allegations in Paragraph 8 state legal conclusions, therefore no response is required.

## BACKGROUND

9.      To the extent that the allegations contained in Paragraph 9 of the Petition state legal conclusions no response is required.  To the extent that Paragraph 9 can be construed to state facts, the allegations of this Paragraph does not pertain to these Respondent-Intervenors.

10.     The allegations contained in Paragraph 10 do not pertain to this Respondent-Intervenor, therefore no response is required.

11.     To the extent that the allegations contained in Paragraph 11 of the Petition state legal conclusions no response is required.  To the extent that a response is required, Respondent-Intervenors are without information and knowledge sufficient to form a belief as to the truth of the allegations.

12.     Respondent Intervenors are without sufficient information and knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Petition.

13.     The allegations contained in Paragraph 13 of the Petition do not pertain to Respondent-Intervenors, therefore no response is required.

14.     The allegations contained in Paragraph 14 of the Petition do not pertain to Respondent-Intervenors, therefore no response is required.

## ATTEMPTS TO OBTAIN DOCUMENTS FROM RESPONDENT

15.     The allegations contained in Paragraph 15 of the Petition do not pertain to Respondent-Intervenors, therefore no response is required.

16.     The allegations contained in Paragraph 16 of the Petition do not pertain to Respondent-Intervenors, therefore no response is required.

17.     The allegations contained in Paragraph 17 of the Petition do not pertain to Respondent-Intervenors, therefore no response is required.

18.     The allegations contained in Paragraph 18 of the Petition do not pertain to Respondent-Intervenors, therefore no response is required.

## AFFIRMATIVE DEFENSES

Respondent-Intervenors assert the following affirmative defenses in response to the OIG's Petition:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

The Petition fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Privilege)

The claims alleged in the Petition are barred on grounds that they are seek the disclosure of information that is subject to federal and state attorney-client and work product privileges.

### THIRD AFFIRMATIVE DEFENSE

### (Due Process)

The claims alleged in the Petition are barred on grounds that they violate Respondent-Intervenor's rights to due process guaranteed by the United States Constitution and similar provisions of the California Constitution.

### FOURTH AFFIRMATIVE DEFENSE

### (Rights to Privacy and Confidentiality)

The claims alleged in the Petition are barred on grounds that they violate Respondent-Intervenor's rights to privacy under federal and state law including but not limited to the protections provided for under the United States Constitution and the California Constitution.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutory Rights)

The claims alleged in the Petition are barred on grounds that they violate statutes that protect attorney-client communications from disclosure including the California Business and Professions Code.

## SIXTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Respondent-Intervenor hereby gives notice that it intends to rely upon any additional affirmative defense that becomes available and thus reserves the right to amend its proposed answer to assert such additional defenses.

## RELIEF REQUESTED

WHEREFORE, Respondent-Intervenors respectfully request this Court:

A.     To dismiss the Petition for Summary Enforcement of the Administrative Subpoena Dues Tecum.

B.     That nothing be taken by reason of the Petition.


May 18, 2007                                              Respectfully Submitted,


                                                   Michael McManus (DC Bar No. 263832)
                                                   Elizabeth Ewert (DC Bar No. 479368)
                                                   Rebecca Hirselj (DC Bar No. 478239)
                                                   DRINKER BIDDLE & REATH LLP
                                                   1301 K Street, N.W. Suite 900,
                                                   East Tower
                                                   Washington, DC 20005-3317
                                                   Phone:  (202) 230-5000
                                                   Fax:     (202) 230-5300
                                                   E-mail:  Elizabeth.Ewert@dbr.com

Rodney Hudson (*pro hac vice pending*)
DRINKER BIDDLE & REATH LLP
50 Fremont Street
San Francisco, CA 94105-2235
Phone:  (415) 591-7500
Fax:     (415) 591-7510
E-mail:  Rodney.Hudson@dbr.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KIRT WEST | ) | |
| INSPECTOR GENERAL OF THE | ) | |
| LEGAL SERVICES CORPORATION | ) | |
| 3333 K STREET, NW, 3RD FLOOR | ) | |
| WASHINGTON, DC 20007 | ) | |
| | ) | Case No:    1:07-MC-00123 |
| Petitioners, | ) | Assigned to:  Sullivan, Emmet G. |
| | ) | |
| v. | ) | |
| | ) | |
| CALIFORNIA RURAL LEGAL | ) | |
| ASSISTANCE, INC., | ) | |
| 631 HOWARD ST., #300 | ) | |
| SAN FRANCISCO, CA 94105 | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| JANE AND JOHN DOE. | ) | |
| | ) | |
| Proposed Respondent-Intervenors | ) | |
| | ) | |

## MOTION TO ADMIT COUNSEL *PRO HAC VICE*

I, Elizabeth L. Ewert move the Court for admission *pro hac vice* of Rodney M.

Hudson, pursuant to Local Rules 83.5.2(d), and in support of this motion state:

1.      I, Elizabeth L. Ewert, am a practicing attorney duly admitted to the bar of

the District of Columbia and am admitted to practice before this Court.  I am an attorney

at the law firm Drinker Biddle & Reath LLP and am acquainted with Mr. Hudson.  I will

remain as counsel throughout the course of this litigation.

2.     Rodney M. Hudson is a partner at Drinker Biddle & Reath, LLP, 50 Fremont Street, 20th Floor, San Francisco, California, 94105, (415) 591-7500.

3.     Rodney M. Hudson was admitted to the practice of law in California in June, 2007.  Mr. Hudson is a member in good standing of the California Bar (CA Bar Number 187959).

4.     There are no disciplinary proceedings against Mr. Hudson and he is familiar with the Local Rules of the United States District Court for the District of Columbia.

5.     Rodney M. Hudson has not been admitted *pro hac vice* to this Court in the previous two years.

**WHEREFORE**, I, Elizabeth L. Ewert, request that Rodney M. Hudson of Drinker Biddle & Reath, LLP, 50 Fremont Street, 20th Floor, San Francisco, California, 94015, be admitted to practice before this Court for all purposes in connection with the representation of the Respondent-Intervenors in this proceeding.  I have attached a proposed order for the Court's convenience.

Respectfully submitted,

Elizabeth L. Ewert (DC Bar No. 479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Suite 1100
Washington, D.C. 20005
Telephone (202) 842-8800
Facsimile (202) 842-8465

COUNSEL FOR RESPONDENT

Dated:  May 18, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                )
                                         )
and                                      )
                                         )
KIRT WEST                                )
INSPECTOR GENERAL OF THE                 )
LEGAL SERVICES CORPORATION               )
3333 K STREET, NW, 3RD FLOOR             )
WASHINGTON, DC 20007                     )
                                         )    Case No:      1:07-MC-00123
            Petitioners,    )    Assigned to:  Sullivan, Emmet G.
                                         )
    v.                       )
                                         )
CALIFORNIA RURAL LEGAL                   )
ASSISTANCE, INC.,                        )
631 HOWARD ST., #300                     )
SAN FRANCISCO, CA 94105                  )
                                         )
            Respondent       )
                                         )
JANE AND JOHN DOE.                       )
                                         )
    Proposed Respondent-Intervenors    )
                                         )

## DECLARATION OF RODNEY M. HUDSON IN SUPPORT OF PROPOSED RESPONDENT-INTERVENORS' MOTION FOR ADMISSION OF RODNEY M. HUDSON *PRO HAC VICE*

I, Rodney M. Hudson, declare:

1.     My full name is Rodney M. Hudson.

2.     I am a partner at the law firm of Drinker Biddle & Reath LLP, 50 Fremont Street, 20th Floor, San Francisco, California, 94105, (415) 591-7500, counsel of record for Client-Interveners.

3.      I submit this declaration in support of Elizabeth L. Ewert's Motion pursuant to Local Rule 83.2(d) for *pro hac vice* admission of Rodney M. Hudson to the bar of this Court.

4.      I am duly admitted to practice before all courts of the State of California and the U.S. District Courts for the Northern, Eastern, Central and Southern Districts of California.

5.      I am a member in good standing of all the courts referenced in the preceding paragraph and have not been suspended or disbarred by any court.

6.      I have not been admitted *pro hac vice* in this Court within the last two years.

7.      I do not engage in the practice of law from an office in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 18, 2007

Rodney M. Hudson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2007, a copy of the above and foregoing Motion To Admit Counsel Pro Hac Vice was filed and served via first class mail, postage prepaid to:

Arthur R. Goldberg
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Room 7104
Washington, DC 20530

Helen H. Hong
U.S. Department of Justice
20 Massachusetts Avenue, NW
6th Floor
Washington, DC 20530

Bernard A. Burk
Howard Rice Nemerovski Canady Falk & Rabkin
Three Embaracdero Center
7th Floor
San Francisco, CA 94111-4024

_Elizabeth Ewert_
Elizabeth Ewert

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,                          )
                                                   )
and                                                )
                                                   )
KIRT WEST                                          )
INSPECTOR GENERAL OF THE                           )
LEGAL SERVICES CORPORATION                         )
3333 K STREET, NW, 3RD FLOOR                       )
WASHINGTON, DC 20007                               )
                                                   )    Case No:      1:07-MC-00123
    Petitioners,               )    Assigned to:  Sullivan, Emmet G.
                                                   )
  v.                                     )
                                                   )
CALIFORNIA RURAL LEGAL                             )
ASSISTANCE, INC.,                                  )
631 HOWARD ST., #300                               )
SAN FRANCISCO, CA 94105                            )
                                                   )
    Respondent                 )
                                                   )
JANE AND JOHN DOE.                                 )
                                                   )
  Proposed Respondent-Intervenors        )
                                                   )

## ORDER ADMITTING RODNEY M. HUDSON PRO HAC VICE

The Court hereby GRANTS Elizabeth L. Ewert's motion to admit Rodney M. Hudson to

practice *pro hac vice* in this mater.


_____
JUDGE


Dated: _____

Time: _____

**Copies to:**