**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>KIRT WEST,<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION,<br>3333 K STREET, NW, 3RD FLOOR,<br>WASHINGTON, D.C. 20007,<br><br>       Petitioners,<br><br>       v.<br><br>CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300,<br>SAN FRANCISCO, CA 94105<br><br>       Respondent. | Misc. No.  1:07-mc-00123 (EGS) |

**OPPOSITION TO MOTION OF JANE AND JOHN DOE
TO PROCEED UNDER FICTITIOUS NAMES**

John and Jane Doe ("Does") seek to intervene under fictitious names in order to oppose

LSC-OIG's subpoena, although it is unclear that either John or Jane Doe's information falls

within the scope of the subpoena.[1]  The Does contend that they are "migrant farm workers who

sought legal advice from CRLA on the condition of anonymity and in confidence" in or around

2000 and 2002 – a time period that falls outside the scope of the subpoena unless both had

---

[1]  For the reasons set forth in the Opposition to the Does' Motion to Intervene, this
motion to proceed under fictitious names may be denied as moot if the Court denies the motion
to intervene.

active, open cases pending between January 1, 2003 and October 21, 2005.[2] See Mot. to

Intervene at 2; Mot. to Proceed Under Fictitious Name ("Mot. Fict. Name") at 2.  Jane Doe's

declaration submitted with the Motion to Proceed Under Fictitious Names reveals that she was a

client of CRLA's "in or around 2002," though John Doe's more recent submission indicates that

he was a client "in 2005" in contradiction to the representations made in the motion to proceed

pseudonymously.

       That contradiction and the questions about the Does' relevance to this subpoena

enforcement action underscore the need for the Does to identify themselves, even if only under

seal,[3] so that the Petitioners and Court may determine the validity of the Does' claims.[4]  The

Federal Rules of Civil Procedure and the Court's Local Civil Rules "make no provision for

pseudonymous litigation." Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (2005).  "Requiring parties to

disclose their identities furthers the public's interest in knowing facts surrounding judicial

proceedings." Id.  Pseudonymous litigation is permitted only in rare instances when a district

---

   [2]  The process that would be required for the parties to verify that each Doe fell within
the scope of the subpoena request underscores why it is imperative that CRLA first specify what
records it is withholding as privileged.  If CRLA identifies discrete records that it believes are
privileged and justifies the particular assertions, the question of whether certain CRLA clients
would or would not have an interest in information that falls within the scope of the subpoena
would be ascertainable.  On the present record, it is not.  As set forth more fully in the opposition
to the Does' Motion to Intervene, allowing CRLA's individual clients to intervene to raise
specific claims of privilege – rather than require CRLA to first identify whose specific data and
documents it will release and withhold – is not only unjustified, but inefficient and disorderly.

   [3]  Courts often require anonymous parties to file their true identities with the court under
seal to verify their legitimacy.  See, e.g., Roe v. Ingraham, 364 F. Supp. 536, 541 n. 7 (S.D.N.Y.
1973); Moe v. Dinkins, 533 F. Supp. 623, 627 (S.D.N.Y. 1981).

   [4]  Indeed, the Does have either been identified by CRLA to attorneys at Drinker Biddle,
or have voluntarily revealed to the attorneys at Drinker Biddle that they sought legal advice in an
earlier proceeding.

court "reasonably determines that the need for anonymity outweighs the general presumption

that parties' identities are public information and the risk of unfairness to the opposing party."

Id.  The "rare dispensation of allowing parties to proceed pseudonymously is only justified in the

critical case, . . . or unusual case," including those where "identification creates a risk of

retaliatory physical or mental harm," "anonymity is necessary to preserve privacy in a matter of

a sensitive and highly personal nature, and those where the anonymous party would be

compelled to admit criminal behavior or be subject to punishment by the state."  Id.  Merely

"speculative and prospective" assertions of fear of retaliatory conduct or other reprisals are

inadequate to merit anonymous litigation.  See Doe v. Rostker, 89 F.R.D. 158, 162 (N.D. Cal.

1981); see also Qualls, 228 F.R.D. at 12 ("The Court understands that bringing litigation can

subject a plaintiff to scrutiny and criticism and affect the way plaintiff is viewed by coworkers

and friends, but fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by

higher-ups do not permit" pseudonymous litigation.).

　　　Jane Doe's declaration does not justify fictitious filing.  She asserts that she was fired by

an employer after another co-worker complained about working conditions.  She further

contends that her "employer subsequently refused to pay [her] and other employees. [She] did

not confront [her] employer about these and other conditions because [she] feared retaliation,

including that [she] would be fired."  Decl. of Jane Doe ¶ 5.  From the face of the declaration,

Jane Doe may no longer fear any retaliation – even if that were enough for pseudonymous filing[5]

– because she has been terminated already.  She describes no present state of risk of retaliation or

---

[5] This court has stated that "a threat of economic harm alone does not generally permit a court to let litigants proceed under pseudonym."  Qualls, 228 F.R.D. at 12.

harm that is necessary to justify anonymity.  Significantly, she describes no fear of physical or

mental harm or that she would be compelled to reveal any of the sensitive or highly personal

information held to merit fictitious filing.[6]  Requiring Jane Doe, at the least, to file her true

identity with the court under seal to verify the legitimacy of her claims, as courts routinely do,

would allow the parties to test her claims.

John Doe similarly fails to justify pseudonymity.  He declares that he "requested to

remain anonymous because [he] was concerned for [his] physical and personal safety and for the

safety of [his] family and friends."  He believed that "persons associated with [his] employer

would retaliate against [him] and his family if they knew that [he] reported unsafe and unsanitary

working conditions."  Decl. of John Doe at ¶¶ 5-6.  As with Jane Doe, John Doe expresses no

current fear for his personal safety or retaliation.  Being "concerned" and having "believed" in

the past that he could suffer physical harm or retaliation does not justify anonymity now.  See

Qualls, 228 F.R.D. at 12 ("None of the evidence demonstrates that Doe plaintiffs are likely to

face physical retaliation as a result of filing this lawsuit; therefore, they cannot proceed under

pseudonyms.").  Moreover, "vague, unsubstantiated fears of retaliatory actions by higher-ups do

not permit a plaintiff to proceed under a pseudonym."  Id.  Doe's conclusory statements do not

provide a concrete justification warranting departure from the well-established policy that

lawsuits and their parties should be publicly known.  John Doe's declaration additionally states

---

    [6]  The Does cannot fear retaliation from having their information disclosed to LSC-OIG.
Section 509(i) of the Omnibus Consolidated Recissions and Appropriates Act of 1996, Pub. L.
104-134, 110 Stat. 1321, 1321-1359 (Apr. 26, 1996), prohibits LSC-OIG from disclosing any
name or document gathered under § 509(h), except in limited circumstances to law enforcement
officials or officials of a bar association for the purpose of enabling an investigation of a rule of
professional conduct.  No employer, co-worker, family member or other general public members
will gain access to the information currently in dispute.

that he consulted CRLA in 2005, in contradiction to his motion, suggesting that he consulted

CRLA in 2000 or 2002.   As with Jane, it is not apparent that John Doe has an interest in the

matters subpoenaed at all.  Requiring John Doe, at the least, to file his true identity with the court

under seal to verify the legitimacy of his claims would allow the parties to test his claims.

Based on the Does' declarations, the circumstances do not warrant allowing the Does to

proceed anonymously.  At a minimum, the court should require the Does to file their identities

under seal to verify the legitimacy of their claims.

Respectfully submitted,


PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney


/s/ Helen H. Hong

OF COUNSEL:                         ARTHUR R. GOLDBERG, D.C. Bar 180661
LAURIE TARANTOWICZ          HELEN H. HONG, CA Bar 235635
LSC-Office of Inspector General   Attorneys, Department of Justice
3333 K Street, N.W., 3rd Floor       20 Massachusetts Ave., N.W., Room 6107
Washington, D.C. 20007              Washington, D.C.  20530
Tel: (202) 295-1660                    Tel: (202) 514-5838
                                             Fax: (202) 616-8470

                                             E-mail: helen.hong@usdoj.gov
                                             Attorneys for Petitioners

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2007, a true and correct copy of the foregoing Opposition to Motion of Jane and John Doe to Proceed Under Fictitious Names was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system. I certify that a true and correct copy of the foregoing Opposition to Motion of Jane and John Doe to Proceed Under Fictitious Names was also electronically mailed to counsel for CRLA, Bernard A. Burk at bburk@howardrice.com, to counsel for the Attorney-Intervenors, John P. Corrado at jcorrado@mofo.com, and to counsel for Doe-Intervenors, Elizabeth Ewert at elizabeth.ewert@dbr.com.


/s/ Helen H. Hong
HELEN H. HONG

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| and | ) |
| | ) |
| KIRT WEST, | ) |
| INSPECTOR GENERAL OF THE | ) |
| LEGAL SERVICES CORPORATION, | ) |
| 3333 K STREET, NW, 3RD FLOOR, | ) |
| WASHINGTON, D.C. 20007, | ) |
| | )    Misc. No.  1:07-mc-00123 (EGS) |
| Petitioners, | ) |
| | ) |
| v. | ) |
| | ) |
| CALIFORNIA RURAL LEGAL | ) |
| ASSISTANCE, INC., | ) |
| 631 HOWARD ST., #300, | ) |
| SAN FRANCISCO, CA 94105 | ) |
| | ) |
| Respondent. | ) |

---

**[PROPOSED] ORDER DENYING MOTION OF JANE AND JOHN DOE
TO PROCEED UNDER FICTITIOUS NAMES**

Upon consideration of the papers filed by the proposed intervenors and Petitioners, it is

hereby

ORDERED that the Motion of Jane and John Doe to Proceed Under Fictitious Names is

DENIED.

Dated this ____ day of _____, 2007.

_____
HONORABLE EMMETT G. SULLIVAN