IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>and )<br>)<br>KIRT WEST, )<br>INSPECTOR GENERAL OF THE )<br>LEGAL SERVICES CORPORATION, )<br>3333 K STREET, NW, 3RD FLOOR, )<br>WASHINGTON, D.C. 20007, )<br>)<br>       Petitioners, )<br>)<br>       v. )<br>)<br>CALIFORNIA RURAL LEGAL )<br>ASSISTANCE, INC., )<br>631 HOWARD ST., #300, )<br>SAN FRANCISCO, CA 94105 )<br>)<br>       Respondent. )  | Misc. No. 1:07-mc-00123 (EGS) |

## OPPOSITION TO MOTION TO INTERVENE BY JOHN AND JANE DOE

### PRELIMINARY STATEMENT

John and Jane Doe ("Does") rest their case for intervention on an unsupported assumption. The Does contend that it is <u>their</u> "names and attorney-client privileged information that Petitioners . . . seek to obtain through this enforcement action," even though Jane Doe evidently sought CRLA's legal assistance in 2002 and John Doe in either 2000 or 2005. Mot. of John and Jane Doe to Intervene as Resp. ("Doe Mot.") at 2. The subpoena served by the Petitioners on CRLA, however, seeks records (required by federal law) for open cases between

January 1, 2003 and October 21, 2005.[1]  Because neither John nor Jane Doe allege facts to establish that their information or records are at issue in the relevant time period,[2] neither have standing to intervene.

Even if the Does could show that their records fell within the relevant time period, the Does' putative legal interests would be unripe, rendering their motion premature.  The Does fail to establish that they have any specific interests at issue in this enforcement proceeding, because CRLA insists on asserting only a blanket refusal to produce general categories of documents, rather than asserting the required particularized claims of privilege.  Accordingly, only after CRLA appropriately identifies what information it will produce and what specific information it seeks to withhold may either Doe know whether his or her information is subject to disclosure.  Because the Does cannot establish any ripe claim of injury, they cannot prove the type of injury required for Article III standing and also Rule 24 intervention.

Finally, CRLA has, since the inception of this dispute, and continues today to represent the Does' interest adequately and vigorously.  The purported distinction between the Does' interests from those of CRLA and its constituent attorneys is insufficient to merit these Does (and potentially 38,998 other CRLA clients whose files are evidently at issue) from intervening.  See CRLA's Resp. & Partial Opp'n at 6 (identifying 39,000 client files at issue).  CRLA's avowed interest throughout this dispute has been shielding documents from disclosure under attorney-client privilege and confidentiality principles.  As the Does press now, CRLA has

---

[1] The disputed requests are limited to that time frame.  There are other requests not at issue for the Does that span a more broad time span.

[2] For John Doe, though his Declaration states that he sought CRLA's assistance in 2005, it is unclear, for example, whether he sought assistance before or after October 21, 2005.

asserted that it is motivated by "concerns of retaliation, safety and a desire to remain anonymous" on the part of its clients. Because the CRLA adequately represents the Does' interest, the Does' motion to intervene should be denied.

**ARGUMENT**

**I.    THE DOES FAIL TO SHOW THAT THEY HAVE STANDING TO INTERVENE**

The D.C. Circuit requires that an applicant prove Article III standing in order to intervene under Rule 24. See Funds for Animals, Inc. v. Norton, 322 F.3d 728, 732-34 (D.C. Cir. 2003); So. Christian Leadership Conf. v. Kelley, 747 F.2d 777, 779-81 (D.C. Cir. 1984). In order to establish standing, the putative intervenor must demonstrate (1) an actual or threatened injury that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct challenged in the litigation; and (3) that it is likely, rather than speculative that the injury may be redressed by a favorable decision. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The Does fail on all three grounds.

**A.    The Does Do Not Establish Actual or Threatened Injury**

The Does must show that they have "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560. As a practical matter, the proposed intervenors must show that he or she "would suffer from an adverse decision on the merits." Alaska v. FERC, 980 F.2d 76, 763 (D.C. Cir. 1992). Although the Does claim that "they are the holder[s] of the attorney-client privilege and their interests will be impaired if the OIG's Petition is granted," neither show that their information resides in the KEMPS data fields for open cases

between January 1, 2003 and October 21, 2005. Doe Mot. at 8. Indeed, Jane Doe suggests that she sought CRLA's legal assistance at some point in 2002, and there is no allegation even that her data was part of the databank requested for the relevant time period. Decl. of Jane Doe ¶ 2 ("In or around 2002, I was a client of California Rural Legal Assistance, Inc."). Accordingly, Jane Doe cannot establish that she would be injured by ny decision on the merits of the Petition and does not establish in her motion or declaration that she has a legally protected interested in this case. See Lujan, 504 U.S. at 560. Any "conclusory, unsupported argument" without factual support is inadequate to confer standing and justify intervention. DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 26 (D.D.C. 2002) (Sullivan, J.).

John Doe similarly does not adequately allege that he has a legally protected interest in the case. Although he claims that he was a client of CRLA's in 2005, he provides no evidence that he was a client of CRLA's with an open case status between January 1, 2003 and October 21, 2005. Decl. of John Doe at ¶ 2. Moreover, his motion to proceed pseudonymously suggests that he may have been a client of CRLA's in 2000 – clearly outside of the time period of requested information unless he maintained an open case for three additional years. Like Jane Doe, John Doe has provided only "conclusory, unsupported argument" that his information is at issue in this dispute. He does not establish that he would suffer from any decision on the merits of the Petition and does not establish in his motion or declaration that he has a legally protected interested in this case. See Lujan, 504 U.S. at 560.

Moreover, as Petitioners have noted from the outset of this dispute, CRLA has implicitly conceded that some information at issue in this dispute is unprotected by attorney-client privilege or work product protections, see Mem. of P. & A. in Supp. of Pet. for Summ.

Enforcement of Subpoena at 7.  At base, the Does cannot establish an actual, imminent, concrete and particularized injury until CRLA appropriately identifies what information it will seek to withhold on specific claims of privilege and what information it will disclose.  Until CRLA identifies the contours of this dispute, the Does cannot validly establish any concrete interest appropriate for intervention.  Their assertions are otherwise based on contingencies that make unclear whether the Does would indeed suffer from any adverse decision on the merits.  Cf. DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 25-26 (D.D.C. 2002) (Sullivan, J.) ("Many courts outside this Circuit have held such potential harm . . . to be too attenuated to justify intervention as of right because that harm is contingent on intervening events. . . .  This Court is persuaded by the reasoning of these cases.").

        **B.**    **The Does Do Not Establish Imminent Injuries Traceable to LSC-OIG's Actions**

Similarly, because the Does cannot establish an actual injury in fact, they fail to show that such injury stems from LSC-OIG's actions.

        **C.**    **The Does Do Not Establish that it is Likely, Not Speculative, that a Favorable Court Decision Will Redress Any Injury**

Finally, an order consistent with this court's jurisprudence, enforcing a request for client identification information and requiring specific claims of privilege if any documents are withheld would not redress any perceived injury at all.  See United States v. Legal Services of New York City, 100 F. Supp. 2d 42, 47 (D.D.C. 2000).  Because the contours of the Does' "injury" is unknown, owing to CRLA's blanket assertions of privilege, the redressability of its perceived injuries is speculative.

**II.   THE DOES FAIL TO MEET RULE 24(a)(2) REQUIREMENTS BECAUSE THEY HAVE NO CONCRETE LEGAL INTEREST AND BECAUSE THEIR INTERESTS ARE ADEQUATELY REPRESENTED BY CRLA**

The Does' failure to establish Article III standing is additionally fatal to their Rule 24 motion because they cannot prove that they have a concrete legal interest in the matter. As explained above, the Does' interest is lacking for two reasons: (1) because the Does have not alleged sufficient facts to show that they have an interest in protecting information that is actually subject to the subpoena; and (2) because CRLA's blanket privilege assertions make it unclear whether the Does have a vested interest in the claims here. "[A]t a minimum, an intervenor must prove more than a 'mere provable claim' in order to satisfy the threshold interest required by the rule. . . . Absent a present, noncontingent interest . . . [Attorney-Intervenors] lack the 'significantly protectable interest' required for intervention as of right." Indep. Petrochem. Corp. v. Aetna Cas. & Surety Co., 105 F.R.D. 106, 110 (D.D.C. 1985).

Moreover, the Does' interests are adequately represented by CRLA. As evidenced by CRLA's communications with LSC-OIG and the arguments raised in CRLA's first filing in this action, each argument raised by the Does has been raised by CRLA as well. Indeed, in LSC-OIG's repeated requests for the records at issue, CRLA has vigorously argued that the same rights of privacy and the confidential and privileged nature of the communications pressed forward by the Does here prohibit disclosure. CRLA has not once contended that its interests diverge from those of its clients. Nor could it. Indeed, in CRLA's response, it asserts that it seeks to protect "CRLA's client base," that many "clients consult CRLA confidentially," and that "[i]nformation that a particular person consulted CRLA on a particular date . . . regarding a particular kind of issue . . . with respect to a particular employer, landlord or family member . . .

is more than enough information to infer the particular client's specific motivation for the consultation . . . ." CRLA Resp. at 4 (emphasis added). Importantly, CRLA contends that the "law governing the professional responsibilities of CRLA and the attorneys it employs imposes strict obligations." Id. at 5 (emphasis added). In similar subpoena enforcement matters brought by the LSC-OIG against other legal aid organizations, none has required intervention by the clients – even though the legal aid organizations raised similar professional and ethical duties as defenses. See, e.g., United States v. Legal Serv. for New York City, Misc. No. 00-mc-0241 (D.D.C. 2000); Bronx Legal Serv., et al. v. Legal Serv. Corp, Civ. No. 00-3423 (D.D.C. 2000); Hunton v. Williams, Misc. No. 95-00459 (D.D.C. 1995). Courts have routinely rejected Rule 24 motions where the interests, as here, are aligned. See, e.g., Int'l Bd. of Teamsters v. J.F. Partyka & Son, 176 F.R.D. 429 (D. Mass. 1997) (rejecting employees' Rule 24 motion where union had pursued employees' grievances with energy); Reich v. ABC York-Estes Corp., 157 F.R.D. 668 (N.D. Ill. 1994) (employees adequately represented by employer); Lowary v. Lexington Local Bd. of Educ., 704 F. Supp. 1456 (D. Ohio 1988) (teachers adequately represented by union).

The Does' contention that they have a fear of retaliation sufficient to distinguish their interests from those of CRLA is also unavailing. As set forth in the Petitioners' Opposition to Jane and John Does' Motion to Intervene, the Does' interests are aligned with CRLA's. Although the Does and the Attorney-Intervenors suggest that there is some additional "fear of retaliation" that distinguishes CRLA from its clients, any such fear is misguided. Section 509(i) of the Omnibus Consolidated Recissions and Appropriates Act of 1996, Pub. L. 104-134, 110 Stat. 1321, 1321-1359 (Apr. 26, 1996), prohibits disclosure of any name or document gathered under LSC-OIG's authority under § 509(h) except in limited circumstances to law enforcement

officials or officials of a bar association for the purpose of enabling an investigation of a rule of professional conduct. No employer, co-worker, family member or other general public members will gain access to the information currently in dispute. In any event, CRLA has asserted that it is motivated by "concerns of retaliation, safety and a desire to remain anonymous" on the part of its clients. See, e.g., CRLA's Resp. & Partial Opp'n at 4.

Finally, the Does have not demonstrated that CRLA is not bound by California Business and Professions Code § 6167, which requires law corporations and nonprofit public benefit corporations to abide by rules and regulations governing State Bar members.[3] Those rules include a duty to maintain the client confidences and privacy interests of its clients purportedly relevant to this enforcement matter. CRLA has maintained that its objections to disclosure stem from that duty and interest in preserving its clients' confidence. Indeed, CRLA and its attorneys contend that their work depends on maintaining a client base whose information may remain secret. If the Does' argument – that they are entitled to intervene because their interests are not adequately represented – were to be accepted, close to 39,000 clients would have to be accepted as intervenors in this matter.[4] Such duplication of argument and inefficiency is unwarranted. Because their interests are adequately represented, intervention as of right should be denied.

---

[3] Frye v. Tenderloin Housing Clinic, Inc., 38 Cal. 4th 23 (2006), is not to the contrary. Frye simply acknowledged that certain associations could engage in the practice of law that are not law corporations or non-public benefit corporations. The Does have not borne their burden to show that CRLA is not a corporation subject to the disciplinary rules.

[4] The Does suggest that CRLA is also bound as a recipient of federal funds in ways that the Does are not. Of course, CRLA has not evidenced any willingness to withdraw its objections for fear of losing federal funding. In any case, CRLA and its attorneys are bound to conduct CRLA's work in accordance with the terms of CRLA's funding.

**III.     PERMISSIVE INTERVENTION IS IMPROPER**

Under Federal Rule of Civil Procedure 24(b), the Court maintains broad discretion in determining whether to grant permissive intervention. Where a putative intervenor has no legal interest in the matter, permissive intervention may be denied. See SEC v. Prudential Sec. Inc., 171 F.R.D. 1, 7 (D.D.C. 1997) (denying Rule 24(a)(2) motion because of lack of legal interest, and "for the same reason, . . . deny[ing] proposed intervenors' request for permissive intervention under Rule 24(b)(2)). As explained above, for the reasons their Rule 24(a)(2) motion must be denied, permissive intervention should be denied as well.

"Courts are understandably reluctant to grant permissive intervention to an applicant when interests are already fully represented by one of the existing parties." Moore's Fed. Practice § 24.10(2)(c) (2006); see also New Orleans Pub. Serv., Inc. v. United Pipe Line Co., 732 F.2d 452, 472 (5th Cir. 1984). As explained above, the Does' interests are fully represented by CRLA. The Does provide no unique information or expertise that CRLA is unable to provide. See Moore's Fed. Practice § 24.10(2)(b) ("Courts should welcome unique input . . . especially on subjects within the special expertise of the intervenor."). As evidenced by the Does' Response, the Does provide merely duplicative argument that will serve to make a straightforward subpoena enforcement proceeding unduly complex.

**CONCLUSION**

The Does have not demonstrated that intervention of right is warranted or that permissive intervention is either economical or beneficial. For those reasons, the Petitioners respectfully request that the Court deny Jane and John Does' motion to intervene.

                                        Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        JEFFREY A. TAYLOR
                                        United States Attorney

                                        /s/ Helen H. Hong

OF COUNSEL:                         ARTHUR R. GOLDBERG, D.C. Bar 180661
LAURIE TARANTOWICZ           HELEN H. HONG, CA Bar 235635
LSC-Office of Inspector General      Attorneys, Department of Justice
3333 K Street, N.W., 3rd Floor       20 Massachusetts Ave., N.W., Room 6107
Washington, D.C. 20007             Washington, D.C. 20530
Tel: (202) 295-1660                 Tel: (202) 514-5838
                                        Fax: (202) 616-8470

                                        E-mail: helen.hong@usdoj.gov
                                        Attorneys for Petitioners

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 1, 2007, a true and correct copy of the foregoing Opposition to Motion to Intervene by John and Jane Doe was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system. I certify that a true and correct copy of the foregoing Opposition to Motion to Intervene by John and Jane Doe was also electronically mailed to counsel for CRLA, Bernard A. Burk at bburk@howardrice.com, to counsel for the Attorney-Intervenors, John P. Corrado at jcorrado@mofo.com, and to counsel for Doe-Intervenors, Elizabeth Ewert at elizabeth.ewert@dbr.com.

                                                /s/ Helen H. Hong
                                                HELEN H. HONG

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>KIRT WEST,<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION,<br>3333 K STREET, NW, 3RD FLOOR,<br>WASHINGTON, D.C. 20007,<br><br>        Petitioners,<br><br>        v.<br><br>CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300,<br>SAN FRANCISCO, CA 94105<br><br>        Respondent. | Misc. No. 1:07-mc-00123 (EGS) |

**[PROPOSED] ORDER DENYING MOTION TO INTERVENE
BY JOHN AND JANE DOE**

Upon consideration of the papers filed by the proposed intervenors and Petitioners, it is hereby

ORDERED that the Motion to Intervene by John and Jane Doe is DENIED.

Dated this ____ day of _____, 2007.

_____
HONORABLE EMMETT G. SULLIVAN