**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>and )<br>)<br>KIRT WEST, )<br>INSPECTOR GENERAL OF THE )<br>LEGAL SERVICES CORPORATION, )<br>3333 K STREET, NW, 3RD FLOOR, )<br>WASHINGTON, D.C. 20007, )<br>)<br>      Petitioners, )<br>)<br>      v. )<br>)<br>CALIFORNIA RURAL LEGAL )<br>ASSISTANCE, INC., )<br>631 HOWARD ST., #300, )<br>SAN FRANCISCO, CA 94105 )<br>)<br>      Respondent. ) | Misc. No. 1:07-mc-00123 (EGS) |

## **OPPOSITION TO MOTION TO INTERVENE BY ATTORNEY-INTERVENORS**

### **PRELIMINARY STATEMENT**

Seven of CRLA's forty-nine current attorneys ("Attorney-Intervenors") seek to intervene and oppose enforcement of a subpoena served on CRLA, citing professional and ethical duties to maintain their clients' confidences and attorney-client privileged information.[1] Attorney-Intervenors' argument suffers from two critical flaws.  First, they fail to establish that they have any specific interests at issue in this enforcement proceeding, because CRLA insists on asserting

---

[1] Forty-two of CRLA's current attorneys, and an unknown number of other attorneys employed by CRLA between 2003 and 2005, evidently find their interests adequately represented by CRLA.

only a blanket refusal to produce general categories of documents, rather than asserting the required particularized claims of privilege.  Accordingly, only after CRLA appropriately identifies what information it will produce and what specific information it seeks to withhold may any individual Attorney-Intervenor know whether his or her clients' information is subject to disclosure.  Because Attorney-Intervenors cannot establish any ripe claim of injury, they cannot prove the type of injury required for Article III standing and also Rule 24 intervention.

      Second, the putative Attorney-Intervenors never offer any specific allegations that they represented clients for whom the information they assert to be privileged or confidential falls within the scope of the subpoena.  Thus, although Attorney-Intervenors rely on legal argument pegged to specific representation of clients, they never allege that they provided legal services and obtained client confidences between 2003 and 2005 that would subject them to the sanctions they describe.  Absent any express link between the privileged information of a client and the Attorney-Intervenors' representation of that client between 2003 and 2005, the Attorney-Intervenors' principal argument for intervention – professional and ethical obligations that purportedly differ from CRLA's obligations to maintain client confidences – falls away.  At base, the Attorney-Intervenors' interest in CRLA's clients that the Attorney-Intervenors did not represent is no different than CRLA's interests.  CRLA adequately represents those interests.  Because the Attorney-Intervenors fail to meet their burden to show that intervention is appropriate, their motion should be denied.

**ARGUMENT**

**I.    ATTORNEY-INTERVENORS FAIL TO SHOW THAT THEY HAVE STANDING TO INTERVENE**

The D.C. Circuit requires that an applicant prove Article III standing in order to intervene under Rule 24.  See Funds for Animals, Inc. v. Norton, 322 F.3d 728, 732-34 (D.C. Cir. 2003); So. Christian Leadership Conf. v. Kelley, 747 F.2d 777, 779-81 (D.C. Cir. 1984).  In order to establish standing, the putative intervenor must demonstrate (1) an actual or threatened injury that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct challenged in the litigation; and (3) that it is likely, rather than speculative that the injury may be redressed by a favorable decision.  See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  Attorney-Intervenors fail on all three grounds.

**A.    Attorney-Intervenors Do Not Establish Actual or Threatened Injury**

Attorney-Intervenors must show that they have "suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560.  As a practical matter, the proposed intervenors must show that they "would suffer from an adverse decision on the merits." Alaska v. FERC, 980 F.2d 76, 763 (D.C. Cir. 1992).  Although Attorney-Intervenors claim that "they face injury in their own right because enforcement of OIG's subpoena . . . would subject Attorney-Intervenors to legal and ethical liabilities for failing to protect their clients' confidences," their contentions are based exclusively on conjecture. Mot. to Intervene at 11.  As Petitioners have noted from the outset of this dispute, CRLA has implicitly conceded that some information is unprotected by attorney-client privilege or work product protections, see Mem. of

P. & A. in Supp. of Pet. for Summ. Enforcement of Subpoena at 7, which Attorney-Intervenors suggest as well. See Mot. to Intervene at 11 ("In most if not all of these cases, the client's identity and the fact of representation are also protected by the attorney-client privilege."). Attorney-Intervenors would not suffer an injury in fact in providing non-privileged documents in response to a subpoena properly issued. Even the California laws relied upon by Attorney-Intervenors would not subject them to sanctions for providing non-privileged documents in compliance with federal laws. See, e.g., Cal. Rules of Prof. Responsibility R 3-100, Discussion [2]. At base, Attorney-Intervenors cannot establish an actual, imminent, concrete and particularized injury until CRLA appropriately identifies what information it will seek to withhold on specific claims of privilege and what information it will disclose. Until CRLA identifies the contours of this dispute, Attorney-Intervenors cannot validly establish any concrete interest appropriate for intervention. Their assertions are otherwise based on contingencies that make it unclear whether Attorney-Intervenors would indeed suffer from any adverse decision on the merits. Cf. DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 25-26 (D.D.C. 2002) (Sullivan, J.) ("Many courts outside this Circuit have held such potential harm . . . to be too attenuated to justify intervention as of right because that harm is contingent on intervening events. . . . This Court is persuaded by the reasoning of these cases.").

Similarly, Attorney-Intervenors do not establish an imminent injury in fact because they do not specifically allege that they represented particular clients whose information is sought by the subpoena. Indeed, the Attorney-Intervenors provide little more information than that the seven attorneys are, "and at all relevant times w[ere], a citizen of California, employed [by CRLA], and licensed to practice law in California." Resp. at 3 ¶¶ 9-15. There are no specific

assertions that the Attorney-Intervenors actually represented clients with open cases between 2003 and 2005 (as the subpoena seeks) with whom they established attorney-client confidences that have been maintained confidential.  The majority of the Attorney-Intervenors' motion and response is focused on generalized claims that producing privileged information would violate California's rule that attorneys maintain inviolate the confidence of his or her current client.  For example, Attorney-Intervenors claim that they "currently represent clients in sensitive matters . . . in which clients have not yet decided to make their claims public by filing a lawsuit or taking some other action."  Resp. at 12 ¶ 50 (emphasis added).  Attorney-Intervenors nowhere suggest that those "current[] clients'" information is subject to the subpoena, which seeks information regarding CRLA's clients between 2003 and 2005.  See also Resp. at 12  ¶¶ 51 ("Attorney-Intervenors currently represent clients in domestic violence matters."); ¶ 52 ("Attorney-Intervenors also represent juveniles in proceedings in which the client's confidentiality must be maintained."); ¶ 53 ("Attorney-Intervenors also represent clients in certain public housing disputes in which the client's confidentiality must be maintained under applicable law."); ¶ 54 ("Attorney-Intervenors represent clients in disputes with private landlords as well."); ¶ 55 ("Attorney-Intervenors represent clients in matters related to unemployment benefits . . . ."); ¶ 56 ("Attorney-Intervenors represent clients in matters related to educational services for students with disabilities.").  Absent express links (both factual and temporal) between the information requested in the subpoena and the Attorney-Intervenors' participation in an attorney-client relationship developing that information, Attorney-Invervenors fail to show that they have sustained the requisite injury under Article III.

Even where Attorney-Intervenors attempt to tie their representation to the relevant time period, they provide no more than "conclusory, unsupported arguments" that are insufficient to merit intervention. DSMC, Inc., 273 F. Supp. 2d at 26. Thus, although Attorney-Intervenors claim that "the largest group of such clients are those who have sought and received legal advice from Attorney-Intervenors and whose identities were never disclosed to a third party or otherwise made public," Attorney-Intervenors again fail to show that those clients were counseled by the Attorney-Intervenors between 2003 and 2005 and that that specific information was never made public.[2] Resp. at 11 ¶ 49. Conclusory statements are insufficient to give Attorney-Intervenors an interest in the litigation to warrant intervention.[3]

---

[2] Even here, Attorney-Intervenors implicitly acknowledge that there are clients who have made public their fact of legal consultation by pursuing litigation or other public actions. See Response at 9. Attorney-Intervenors would not be subject to any injury by disclosing such public information.

[3] To the extent the Attorney-Intervenors suggest that they have third-party standing on behalf of their clients because of some "hindrance to the third party's ability to protect his or her interests," Attorney-Intervenors fail to explain why CRLA is inadequate to protect the interests of clients seeking out CRLA's assistance. Mot. at 7. As set forth in the Petitioners' Opposition to Jane and John Does' Motion to Intervene, the Does' interests are aligned with CRLA's. Although the Does and the Attorney-Intervenors suggest that there is some additional "fear of retaliation" that distinguishes CRLA from its clients, any such fear is misguided. Section 509(i) of the Omnibus Consolidated Recissions and Appropriates Act of 1996, Pub. L. 104-134, 110 Stat. 1321, 1321-1359 (Apr. 26, 1996), prohibits disclosure of any name or document gathered under LSC-OIG's authority under § 509(h) except in limited circumstances to law enforcement officials or officials of a bar association for the purpose of enabling an investigation of a rule of professional conduct. No employer, co-worker, family member or other general public members will gain access to the information currently in dispute. Moreover, as above, Attorney-Intervenors fail to establish that their specific clients' information is at issue and do not make clear that they seek to protect privileged information for their clients between 2003 and 2005. Cf. Kowalski v. Tesmer, 543 U.S. 125, 130-31 (2004) (attorneys lack standing to assert interests of future, unknown clients).

### B. Attorney-Intervenors Do Not Establish Imminent Injuries Traceable to LSC-OIG's Actions

Similarly, because Attorney-Intervenors cannot establish an actual injury in fact, they fail to show that such injury stems from LSC-OIG's actions. Attorney-Intervenors contend that "[t]here would be no disclosure of confidential information at issue in this case absent the actions taken by OIG." Mot. at 8. Of course, Attorney-Intervenors have not established that there is any confidential information at issue in this case subject to disclosure that comes from the Attorney-Intervenors' specific relationship with their individual clients between 2003 and 2005.

### C. Attorney-Intervenors Do Not Establish that it is Likely, Not Speculative, that a Favorable Court Decision Will Redress Any Injury

Finally, Attorney-Intervenors contend that a court order "that the confidential documents and information may be withheld or that the information may be produced in a manner consistent with Attorney-Intervenors' duties and clients' rights" would redress any injury. Mot. at 8. As above, however, an order consistent with this court's jurisprudence, enforcing a request for client identification information and requiring specific claims of privilege if any documents are withheld would not redress any perceived injury at all. See United States v. Legal Services of New York City, 100 F. Supp. 2d 42, 47 (D.D.C. 2000). Because the contours of Attorney-Intervenors' "injury" is unknown, owing to CRLA's blanket assertions of privilege, the redressability of its perceived injuries is speculative.

## II.    ATTORNEY-INTERVENORS FAIL TO MEET RULE 24(a)(2) REQUIREMENTS BECAUSE THE ATTORNEY-INTERVENORS HAVE NO CONCRETE LEGAL INTEREST AND BECAUSE THEIR INTERESTS ARE ADEQUATELY REPRESENTED BY CRLA

Attorney-Intervenors' failure to establish Article III standing is additionally fatal to their Rule 24 motion because they cannot prove that they have a concrete legal interest in this matter. As explained above, Attorney-Intervenors' interest is lacking for two reasons: (1) because the blanket privilege assertions make unclear that Attorney-Intervenor has a vested interest in the claims here; and (2) because Attorney-Intervenors have not alleged sufficient facts to show that they have an interest in protecting their specific clients' interests (rather than all the clients serviced by CRLA). "[A]t a minimum, an intervenor must prove more than a 'mere provable claim' in order to satisfy the threshold interest required by the rule. . . . Absent a present, noncontingent interest . . . [Attorney-Intervenors] lack the 'significantly protectable interest' required for intervention as of right." Indep. Petrochem. Corp. v. Aetna Cas. & Surety Co., 105 F.R.D. 106, 110 (D.D.C. 1985).

Moreover, Attorney-Intervenors' interests are adequately represented by CRLA. As evidenced by Attorney-Intervenors' Response and Motion, each argument raised by Attorney-Intervenors has been raised by CRLA as well. Indeed, Attorney-Intervenors acknowledge CRLA's efforts to raise the same issues that Attorney-Intervenors seek to raise here. See Mot. at 12 ("The issue presented by OIG's petition is the same issue Attorney-Intervenors hope to litigate: whether the attorney-client privilege and other confidentiality protections apply to the documents and information OIG has subpoenaed from CRLA."); Resp. at 6 ("Repeatedly during the investigation, CRLA has asked OIG to safeguard the rights of CRLA's clients and respect

CRLA's attorneys' legal and ethical obligations with regard to confidential and privileged information."). Indeed, in LSC-OIG's repeated requests for the records at issue, CRLA has vigorously argued that those same rights of privacy and the confidential and privileged nature of the communications prohibit disclosure. CRLA has not once contended that its interests diverge from those of the attorneys employed to carry out CRLA's legal aid obligations. Nor could it. Indeed, in CRLA's response, it asserts that it seeks to protect "<u>CRLA's</u> client base," that many "clients consult <u>CRLA</u> confidentially," and that "[i]nformation that a particular person consulted <u>CRLA</u> on a particular date . . . regarding a particular kind of issue . . . with respect to a particular employer, landlord or family member . . . is more than enough information to infer the particular client's specific motivation for the consultation . . . ." CRLA Resp. at 4 (emphasis added). Importantly, CRLA contends that the "law governing the professional responsibilities of <u>CRLA</u> and the attorneys it employs imposes strict obligations." <u>Id.</u> at 5 (emphasis added). In similar subpoena enforcement matters brought by the LSC-OIG against other legal aid organizations, none has required intervention by individual attorneys – even though each service provider raised similar professional and ethical duties as defenses. <u>See, e.g.</u>, <u>United States v. Legal Serv. for New York City</u>, Misc. No. 00-mc-0241 (D.D.C. 2000); <u>Bronx Legal Serv., et al. v. Legal Serv. Corp</u>, Civ. No. 00-3423 (D.D.C. 2000); <u>Hunton v. Williams</u>, Misc. No. 95-00459 (D.D.C. 1995). Courts have routinely rejected Rule 24 motions where the interests, as here, are aligned. <u>See, e.g.</u>, <u>Int'l Bd. of Teamsters v. J.F. Partyka & Son</u>, 176 F.R.D. 429 (D. Mass. 1997) (rejecting employees' Rule 24 motion where union had pursued employees' grievances with energy); <u>Reich v. ABC York-Estes Corp.</u>, 157 F.R.D. 668 (N.D. Ill. 1994) (employees

adequately represented by employer); Lowary v. Lexington Local Bd. of Educ., 704 F. Supp. 1456 (D. Ohio 1988) (teachers adequately represented by union).

Moreover, Attorney-Intervenors attempt to create a distinction between CRLA and its constituent attorneys when there is none. Attorney-Intervenors have not demonstrated that CRLA is not bound by California Business and Professions Code § 6167, which requires law corporations and nonprofit public benefit corporations to abide by rules and regulations governing State Bar members.[4] More significantly, to the extent Attorney-Intervenors seek to intervene on behalf of clients that the individual Attorney-Intervenors did not service between 2003 and 2005 – in effect, as attorneys representative of all CRLA attorneys – Attorney-Intervenors cannot claim any interest separate and apart from CRLA.[5] As set forth above, Attorney-Intervenors have not sufficiently alleged that they seek to represent the interests of only their specific clients whose information is at issue in the subpoena. Accordingly, as "representative attorneys," Attorney-Intervenors share the same interests as CRLA. Because their interests are adequately represented, intervention as of right should be denied.

---

[4] Frye v. Tenderloin Housing Clinic, Inc., 38 Cal. 4th 23 (2006), is not to the contrary. Frye simply acknowledged that certain associations could engage in the practice of law that are not law corporations or non-public benefit corporations. Attorney-Intervenors have not borne their burden to show that CRLA is not a corporation subject to the disciplinary rules.

[5] Attorney-Intervenors suggest that CRLA is also bound as a recipient of federal funds in ways that the Attorney-Intervenors are not. Of course, CRLA has not evidenced any willingness to withdraw its objections for fear of losing federal funding. In any case, CRLA's attorneys are bound as constituent attorneys of CRLA to conduct CRLA's work in accordance with the terms of CRLA's funding.

**III.   PERMISSIVE INTERVENTION IS IMPROPER**

Under Federal Rule of Civil Procedure 24(b), the Court maintains broad discretion in determining whether to grant permissive intervention. Where a putative intervenor has no legal interest in the matter, permissive intervention may be denied. See SEC v. Prudential Sec., Inc., 171 F.R.D. 1, 7 (D.D.C. 1997) (denying Rule 24(a)(2) motion because of lack of legal interest, and "for the same reason, . . . deny[ing] proposed intervenors' request for permissive intervention under Rule 24(b)(2)). As explained above, for the reasons their Rule 24(a)(2) motion must be denied, permissive intervention should be denied as well.

"Courts are understandably reluctant to grant permissive intervention to an applicant when interests are already fully represented by one of the existing parties." Moore's Fed. Practice § 24.10(2)(c) (2006); see also New Orleans Pub. Serv., Inc. v. United Pipe Line Co., 732 F.2d 452, 472 (5th Cir. 1984). As explained above, Attorney-Intervenors' interests are fully represented by CRLA. Attorney-Intervenors provide no unique information or expertise that CRLA is unable to provide. See Moore's Fed. Practice § 24.10(2)(b) ("Courts should welcome unique input . . . especially on subjects within the special expertise of the intervenor."). As evidenced by Attorney-Intervenors' Response, Attorney-Intervenors provide merely duplicative arguments that will serve to make a straightforward subpoena enforcement proceeding unduly complex.

**CONCLUSION**

At base, LSC-OIG seeks information related to CRLA's activities and to investigate allegations of CRLA's non-compliance with the terms of its federal grants. Attorney-Intervenors have not demonstrated that intervention of right is warranted or that permissive intervention is

either economical or beneficial. For those reasons, the Petitioners respectfully request that the Court deny Attorney-Intervenors' motion to intervene.

                Respectfully submitted,

                PETER D. KEISLER
                Assistant Attorney General

                JEFFREY A. TAYLOR
                United States Attorney

                /s/ Helen H. Hong

OF COUNSEL:        ARTHUR R. GOLDBERG, D.C. Bar 180661
LAURIE TARANTOWICZ    HELEN H. HONG, CA Bar 235635
LSC-Office of Inspector General    Attorneys, Department of Justice
3333 K Street, N.W., 3rd Floor    20 Massachusetts Ave., N.W., Room 6107
Washington, D.C. 20007    Washington, D.C. 20530
Tel: (202) 295-1660    Tel: (202) 514-5838
    Fax: (202) 616-8470

    E-mail: helen.hong@usdoj.gov
    Attorneys for Petitioners

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 1, 2007, a true and correct copy of the foregoing Opposition to Motion to Intervene by Attorney-Intervenors was served electronically by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available on the ECF system. I certify that a true and correct copy of the foregoing Opposition to Motion to Intervene by Attorney-Intervenors was also electronically mailed to counsel for CRLA, Bernard A. Burk at bburk@howardrice.com, to counsel for the Attorney-Intervenors, John P. Corrado at jcorrado@mofo.com, and to counsel for Doe-Intervenors, Elizabeth Ewert at elizabeth.ewert@dbr.com.

                                                /s/ Helen H. Hong
                                                HELEN H. HONG

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| and | ) | |
| KIRT WEST,<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION,<br>3333 K STREET, NW, 3RD FLOOR,<br>WASHINGTON, D.C. 20007, | ) | |
|  | ) | Misc. No. 1:07-mc-00123 (EGS) |
| Petitioners, | ) | |
| v. | ) | |
| CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300,<br>SAN FRANCISCO, CA 94105 | ) | |
| Respondent. | ) | |

**[PROPOSED] ORDER DENYING MOTION TO INTERVENE
BY ATTORNEY-INTERVENORS**

Upon consideration of the papers filed by the proposed intervenors and Petitioners, it is hereby

ORDERED that the Motion to Intervene by Attorney-Intervenors is DENIED.

Dated this ____ day of _____, 2007.

_____
HONORABLE EMMETT G. SULLIVAN