IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>and )<br>)<br>KIRT WEST )<br>INSPECTOR GENERAL OF THE )<br>LEGAL SERVICES CORPORATION )<br>3333 K STREET, NW, 3RD FLOOR )<br>WASHINGTON, DC 20007 )<br>) Case No:  1:07-MC-00123<br>Petitioners,  ) Assigned to: Sullivan, Emmet G.<br>)<br>v.  )<br>)<br>CALIFORNIA RURAL LEGAL )<br>ASSISTANCE, INC., )<br>631 HOWARD ST., #300 )<br>SAN FRANCISCO, CA 94105 )<br>)<br>Respondent  )<br>)<br>JANE AND JOHN DOE.  )<br>)<br>Proposed Respondent-Intervenors  )<br>) | |

### CLIENT-INTERVENORS' REPLY IN SUPPORT OF MOTION TO INTERVENE

#### INTRODUCTION

The Office of the Inspector General ("OIG") asserts that Jane and John Doe have no interest in these proceedings because their information may not "fall[] within the scope of the subpoena." Opposition at 1. But the OIG's assertion is based upon the false premise that the subpoena is limited to "open cases between January 1, 2003 and October 21, 2005." OIG's Opposition at 1-2, OIG's Petition, Ex. A. The OIG's request for client names and other attorney-client privileged information is not limited to this time period and does not exclude the years

SF1\385010\1

2002 or 2005 as set forth in declarations of Jane and John Doe. See Declaration of William Hoerger ("Hoerger Decl."). Nor has the OIG offered any evidence to demonstrate that Jane and John Doe do not have an interest in protecting the privacy and confidentiality of their personal confidential information in CRLA's databases.

CRLA has confirmed that the OIG's subpoena calls for the production of information including a client's name, address, phone number, and other attorney-client privileged information. Hoerger Decl. Because the OIG's requests for confidential information includes the years 2002 and 2005, Jane and John Doe's information is within the scope of the subpoena. Both have standing to intervene arising from "legally protected" interests in the information maintained by CLRA, and have an interests in prohibiting CRLA from disclosing confidential information. *See United States v. AT&T*, 642 F.2d 1285 (D.C. Cir. 1980).[1] Nor are the interests of Jane and John Doe contingent upon CRLA identifying any other privileged information.

The OIG has failed to satisfy its burden to demonstrate that the Does will be adequately represented in these proceedings. Although the OIG asserts that Jane and John Doe's interests are protected because CRLA has asserted a blanket privilege over their information, the OIG asserts that a blanket privilege is improper. If the OIG prevails, the blanket protections will no longer protect Client-Intervenors. Nor should the burdens of production on CRLA be

---

[1] For the reasons stated in their motion to proceed under fictitious names, Jane and John Doe also should be permitted to proceed pseudonymously in order to litigate the merits. *See, e.g, Roe v. Ingraham*, 364 F.2d 536 (S.D.N.Y. 1973) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury by which this litigation they seek to avoid."); *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F.Supp. 72 (D.R.I. 1992). Jane and John Doe have significant interests in preserving their right to privacy until a decision on the merits. They are entitled to a fair judicial process that does not require them to waive the same rights that will be determined after full briefing. The OIG has not identified any harm that it will suffer if Jane and John Doe are permitted to proceed pseudonymously.

understated. See Hoerger Decl. Whether or not CRLA has expressed any concerns about its federal funding in light of its position on the subpoena, funding is certainly a factor that may influence what is ultimately produced. See Hoerger Decl.

For these reasons, Client-Intervenors' motion should be granted.

## ARGUMENT

### A. Client-Intervenors Have Article III Standing And A Legally Protected Interest In These Proceedings

The OIG asserts that Jane and John Doe do not have standing because they cannot show that their information has been requested by the OIG's subpoena. Opposition at pps. 1-3.[2] Allegations in a motion to intervene must be accepted as true. *Southwest Center for Biologic al Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001); *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). A motion to intervene should not be resolved with reference to the ultimate merits of the claims or defenses that the intervenor seeks to assert. *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080 (8th Cir. 1999).

#### 1. Jane and John Doe's Information Is Called for By the Subpoena

The OIG asserts that Jane and John Doe must prove that "their information resides in the KEMPS data fields for open cases between January 1, 2003 and October 21, 2005" in order to establish standing. OIG's Opposition at p. 4. But Jane and John Doe are not required to make

---

[2] As proposed Respondent-Intervenors, Jane and John Doe's interests in these proceedings is to prohibit the disclosure of information that the OIG seeks to compel CRLA to produce. Client-Intervenors satisfy the requirements for Article III standing because the OIG's Petition is an invasion of a legally protected privacy interest that is (a) concrete and particularized, and (b) imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). The injury is traceable to the OIG's request for their information, and if the court were to deny the OIG's motion, Client-Intervenor's injury would be redressed. *Id.* In addition to satisfying the requirements for Article III standing, Jane and John Doe meet the requirements for intervention pursuant to both Rule 24(a)(1)(intervention as of right) and 24(a)(2) (permissive intervention).

this showing or to allege that their cases were open during this time period. OIG Petition, Ex. A. Although Client-Intervenors might satisfy the parameters of this amended request,[3] neither the OIG's subpoena nor its Petition is limited to this time period. OIG Petition, Ex. A. One of the requested in OIG's subpoena states as follows:

> All KEMPS data fields that reside in the CLIENTSW table with the exception of SNN (Social Security Numbers) field and the SUMMARY (case memo) field. When copying the selected fields from the KEMPS Tables and subTables use the KEMPS table or subTable name for the file created.

OIG Petition, Ex. A (Request No. 1); see Hoerger Decl.[4]

This is the same request that is referred to in the OIG's Petition excluding social security numbers and case summaries, and that the OIG has stated that it seeks to enforce in its Petition. OIG's Petition at ¶ 15 (alleging that "LSC-OIG specifically exempted from the request those fields in KEMPS containing client social security numbers and case summaries.").

Other than its challenge to the dates of representation, the OIG has made no showing that Jane and John Doe are not two of the 39,000 individuals whose information has been requested. As a result, the Court must accept as true that Jane and John Doe's information is requested by the subpoena, and will be produced if the OIG prevails.

2. **Client-Intervenors' Interests Will Be Impaired and They Will Suffer Injury**

Because Jane and John Doe's names and other confidential information are responsive to the OIG's subpoena, their privacy interests will be impaired if the information is disclosed. See

---

[3] Jane and John Doe have stated sufficient facts in their declarations to establish a "legally protected" interest in these proceedings. To the extent that the OIG now seeks narrow its subpoena, the OIG should be required to amend its pleading. See Hoerger Decl.

[4] Apparently the OIG has confused the request for client names with another request for information about billing and time entries, which is limited to the time period between January 1, 2003 and October 31, 2005. OIG Petition, Ex. A.

Hoerger Decl. An individual who has a claim of privacy to records held by a third party has a "legally protected" interest that satisfies the requirements for Article III standing and for intervention pursuant to Rule 24. *In re Grand Jury Subpoena (Custodian of Record, Newsparent)*, 274 F.3d 563, 570 (1st Cir. 2001); *United States v. AT&T*, 642 F.2d 1285 (D.C. Cir. 1980); *In re Grand Jury Proceedings (Diamonte)* 814 F.2d 61 (1st Cir. 1987); *Reisman v. Caplin*, 375 U.S. 440 (1970).

Nor does the OIG distinguish the authority holding that Jane and John Doe have a "legally protected" interest. Rather the OIG relies on *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14 (D.D.C. 2002) (Sullivan, J.), a case where the proposed intervenor's interests were contingent upon defendant being held liable on the merits, and then filing a lawsuit against the intervenor. These facts are clearly distinguishable from the interests of Jane and John Doe in this proceeding. Client-Intervenors here assert that their confidential information will be disclosed if the OIG's Petition is granted, and their interests are not contingent upon any future event. See *U.S. v. AT&T, infra*. These interests require that Jane and John Doe be given an opportunity to be heard on the merits.

3. **Injury is Traceable to the OIG and Will Be Redressed If the OIG's Petition Is Denied.**

The disclosure of Jane and John Doe's confidential information is directly traceable to the OIG's request to CRLA seeking client names and other confidential information. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555. If the court denies the OIG's Petition, Client-Intervenor's injury will be redressed. *Id.*

**B.   The OIG Has Not Satisfied Its Burden to Demonstrate That Jane and John Doe Are Adequately Represented**

The OIG has failed to satisfy its burden to demonstrate that Jane and John Doe will be adequately represented. *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.*, 105 F.R.D. 106, 112 (D.D.C. 1985). The OIG asserts that CRLA's blanket claim of privilege provides adequate protection for Client-Intervenors. Opposition at 8. But the OIG's position on the merits is that there cannot be a blanket claim of privilege. See OIG's Motion to Enforce at p. 13, fn. 6.[5] If the OIG is correct on the merits, then the blanket privilege will not protect the interests of Jane and John Doe.

Although Jane and John Doe were represented by attorneys at CRLA, they have stronger rights to privacy and confidentiality than either CRLA or its attorneys. *U.S. v. Morton Salt Co.*, 338 U.S. 632 (1949) ("[C]orporations can claim no equality with individuals in the enjoyment of a right to privacy.'"). Nor does the OIG challenge that due process requires an opportunity for individuals to be heard where their confidential and identifiable information has been sought from a third party. *General Motors Corp. v. Finklea*, 459 F.Supp. 235, 239 (S.D. Ohio 1978) ("[i]n the absence of some compelling need to identify individuals..., it would seem that individual rights of a person should not be taken from him without his knowledge and without an opportunity to be heard.").

Nor are the interests of Jane and John Doe adequately represented based upon the OIG's representations regarding the Appropriations Act of 1996. The OIG's hollow assertion that "no

---

[5] The OIG asserts in its Motion to Enforce that "LSC-OIG disagrees in the first instance with the applicability of California privacy laws to the requested material here. Even assuming its applicability, however, California case law indicates that a balancing must take place between a requester's need to access the information and the client's privacy interest. Accordingly, no blanket claim of protection is appropriate." OIG's Motion at p. 13, fn. 6.

employer, co-worker, family member or other general public will gain access to the information currently in dispute" cannot be accepted at face value. Opposition at 8. This same information can be disclosed to law enforcement on the OIG's terms, and the OIG will have no control over any further use or disclosure of the information including contacts with employers, co-workers family members, employers and anyone else that might be interviewed or privy to the information.[6]

Nor does California Business and Professions Code Section 6167 demonstrate that Client-Intervenors are adequately represented.[7] Jane and John Doe have rights to privacy and interests that are separate and apart from the obligations of CRLA and its attorneys to protect business records. *FDIC v. Wentz*, 55 F.3d 905 (3d Cir. 1995) ("When personal documents of individuals…are the subject of an administrative subpoena, privacy concerns must be considered."). Jane and John Doe are the holder of the attorney-client privilege, and the interests

---

[6] To the extent that the OIG challenges the fears of Jane and John Doe as speculative, Client-Intervenors refer the Court to their motion to proceed pseudonymously. The OIG's assertions are contrary to established policies of the federal government that recognize the long-term privacy concerns of individuals who might be identified as informants. See e.g., 29 C.F.R. 4.191 ("It is the policy of the Department of Labor to protect the identity of its confidential sources and to prevent unwarranted invasion of personal privacy"); 29 C.F.R.§ 500.9 (It is illegal to discriminate against migrant and seasonal farm workers including to "intimidate, threaten, restrain, coerce, blacklist, discharge" or refuse to hire because they filed a complaint for a workplace safety violation); 29 C.F.R. § 1952.10(a)(5)(iii) (requiring that state plans provide "the right of employees…to remain anonymous").

[7] The OIG improperly attempts to shift the burden to Jane and John Doe to demonstrate that the law does not apply. But the burden is on OIG to show that Jane and John Doe will be adequately represented for all purposes. Although it is true that CRLA has obligations to protect information of Jane and John Doe, those obligations will be litigated on the merits. The court should not deny this motion for on the issues that will ultimately be decided. Nor do the cases denying intervention cited by OIG apply here. *International Brotherhood v. J.F.Partyka & Sons, Inc.*, 176 F.R.D. 429 (D. Mass. 1997 (denying intervention to party who sought to join lawsuit to enforce arbitration award for a contract to which it was not a party); *Lowary v. Lexington Local Board of Education*, 704 F.Supp. 1456 (D. Ohio 1988) (denying intervention because the possibility of indemnification required a determination on the merits).

of Client-Intervenors must be balanced against the OIG's need to obtain client-identifiable information. See OIG's Motion to Enforce at p. 13, fn. 6 (the parties dispute the proper procedure to be followed in balancing interests).

Finally, the conflicts of interest that may arise if CRLA and OIG resolve the burden issues should not be understated. CRLA has rightly expressed concern over funding, and if their litigation position might jeopardize the organization's existence, it is possible that CRLA might reconsider its objections. Hoerger Decl.

June 11, 2007                                                     Respectfully Submitted,

                                                                  _____
                                                                  Michael McManus (D.C. Bar No. 263832)
                                                                  Elizabeth Ewert (D.C. Bar No. 479368)
                                                                  Elizabeth Hirselj (D.C. Bar No. 478239)
                                                                  DRINKER BIDDLE & REATH LLP
                                                                  1500 K Street, N.W. Suite 1100,
                                                                  Washington, DC 20005-3317
                                                                  Phone: (202) 842-8800
                                                                  Fax:   (202) 842-8465
                                                                  E-mail: Elizabeth.Ewert@dbr.com

                                                                  Rodney Hudson (*pro hac vice pending*)
                                                                  DRINKER BIDDLE & REATH LLP
                                                                  50 Fremont Street
                                                                  San Francisco, CA 94105-2235
                                                                  Phone: (415) 591-7500
                                                                  Fax:   (415) 591-7510
                                                                  E-mail: Rodney.Hudson@dbr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2007, a copy of the above and forgoing **Client-Intervenors' Reply In Support of Motion to Intervene** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth L. Ewert
Elizabeth L. Ewert