IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>and<br><br>KIRT WEST<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION<br>3333 K STREET, NW, 3RD FLOOR<br>WASHINGTON, DC 20007<br><br>   Petitioners,<br><br>   v.<br><br>CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300<br>SAN FRANCISCO, CA 94105<br><br>   Respondent<br><br>JANE AND JOHN DOE.<br><br>   Proposed Respondent-Intervenors | Case No:   1:07-MC-00123<br>Assigned to:  Sullivan, Emmet G. |

**CLIENT-INTERVENORS JANE AND JOHN DOE'S REPLY IN SUPPORT OF
MOTION TO PROCEED UNDER FICTITIOUS NAME**

INTRODUCTION

Petitioners assert that Client-Intervenors should not be permitted to proceed pseudonymously because their names may not have been requested by the Office of the Inspector General's ("OIG") subpoena. But the OIG's assertion is based upon a false premise that its subpoena is limited to the time period between January 1, 2003 and October 31, 2005. OIG

SF1\385006\1

Petition, Ex. A (Request No. 1).[1] The request for client names and other confidential information is not limited to this time period and does not exclude the years 2002 or 2005. Nor has the OIG offered any evidence that would establish that Jane and John Doe have no rights to privacy and confidentiality in the information to be disclosed.

CRLA has confirmed that the relevant database fields in its computer system would contain confidential information of Client-Intervenors. Because Jane and John Doe's identities and other confidences will be litigated on the merits, there is no question that they have an interest in preserving their rights to privacy and confidentiality until the merits can be decided.

In balancing the interests of Client-Intervenors to use a fictitious name against the government need for Jane and John Doe to identify them on the caption, the OIG fails to identify any harm that it or the public would allegedly suffer. But the harm and prejudice to Jane and John Doe would be significant. Client-Intervenors would effectively be denied the opportunity to be heard and precluded from preserving the same rights to privacy and confidentiality that will be resolved on the merits. *Roe v. Ingraham*, 364 F. 536, 541, n. 7 (S.D.N.Y. 1973).

Relying upon a general right of the public to know, the OIG would render the litigation moot if Client-Intervenors were required to disclose their identities in public documents. Jane and John Doe's interests require a fair judicial process that permits them to proceed pseudonymously until the case can be decided.

---

[1] Request No. 1 calls for client names and is not limited in time. *See,* Declaration of Bill Hoerger. The request states "All KEMPS data fields that reside in the CLIENTSW table with the exception of SSN (Social Security Number) field and the SUMMARY (case memo) field. When copying the selected fields from the KEMPS Tables and subTables use the KEMPS table or subTable name for the file created." OIG's Petition Ex. A. The only request that is limited to that time period relates to time records. OIG's Petition Ex. A.

Although the OIG asserts that Jane and John Doe's fears are speculative and do not warrant anonymous pleading, other agencies within the federal government disagree. Many agencies recognize the important privacy interests of employees who choose to remain anonymous and do not want to be identified as an informant. Contrary to the OIG's assertions, these concerns are not short term or limited to a person's current employment. As confirmed by the U.S. Department of Labor, the fears of retaliation and harm are long-term and include being blacklisted and discriminated against in future employment, as well as being fired from a current job. See e.g., 29 C.F.R. 4.191 ("It is the policy of the Department of Labor to protect the identity of its confidential sources and to prevent unwarranted invasion of personal privacy"); 29 C.F.R.§ 500.9 (It is illegal to discriminate against migrant and seasonal farm workers including to "intimidate, threaten, restrain, coerce, blacklist, discharge" or refuse to hire because they filed a complaint for a workplace safety violation); 29 C.F.R. § 1952.10(a)(5)(iii) (requiring that state plans provide "the right of employees…to remain anonymous"). These and many other laws, policies and practices of the federal government confirm that the OIG's suppositions cannot be taken at face value.

Nor should the court deny this motion because the OIG parses through Jane and John Doe's declarations to decipher what it believes are no longer fears of Jane and John Doe.[2] The evidence on the merits will show that migrant farm workers reside in small communities and have fears that they will be identified as informants now and in the future, and thereafter subject to retaliation and discrimination.

---

[2] Jane and John Doe have satisfied the requirements to proceed pseudonymously both because their identities will ultimately be determined on the merits and their fears justify proceeding pseudonymously. The policies of the Department of Labor clearly demonstrate the fears that migrant farm workers face in employment, and the details of the confidences that informants require will be decided on the merits.

For these and the reasons stated in its motion, Client-Intervenor's motion to proceed under a fictitious name should be granted.

# I.
# ARGUMENT

A. **Client-Intervenor's Names Are Called By The Subpoena**

In an attempt to challenge the merits of Jane and John Doe's claims on the pleadings, the OIG asserts that neither have an interest in the merits. According to the OIG, "it is unclear that either Jane and John Doe's information falls within the scope of the subpoena." OIG Opposition at p. 1. As discussed in Client-Intervenors' reply in support of intervention, the OIG's assertions should be rejected for the following reasons.

First, the OIG's subpoena seeking client names and other confidential information is not limited to the period of January 1, 2003 to October 31, 2005. OIG's Petition, Ex. A. Nor does the subpoena exclude the years 2002 or 2005. As a result, Jane and John Doe's allegations that their information is requested by the subpoena must be accepted as true.

Second, CRLA has confirmed that the CLIENTSW field as identified in the OIG's subpoena would include the names of Jane and John Doe. Hoerger Decl.[3] The only evidence is that their names are included in the database and would be responsive to the subpoena.

Nor has the OIG demonstrated that Jane and John Doe's privacy interests are moot. The subpoena is broad and includes requests that seek attorney-client privileged and other

---

[3] The OIG also asserts in fn. 2 that Jane and John Doe do not know if they have an interest in this proceeding until CRLA identifies the information that will be withheld. As discussed in more detail in Client-Intervenors' reply in support of motion to intervene, Jane and John Doe's interests in this action are not contingent upon any event. Their names will be disclosed if the OIG's Petition is granted. The OIG clearly seeks their identities and other attorney-client privileged information that CRLA has stated that it will not disclose.

confidential information within various time frames including the time periods within which Jane and John Doe sought legal advice from CRLA. Hoerger Decl.

**B.    Jane and John Doe Should Be Permitted to Proceed Pseudonymously While The Merits of Their Rights to Privacy and Confidentiality Are Litigated.**

Because the Does' identities and other attorney-client privileged information is requested by the subpoena, Client-Intervenors should be permitted to proceed pseudonymously to preserve the same rights that will ultimately be decided after full briefing. As noted by the Court in *Roe v. Ingraham*, 364 F. 536, 541, n. 7 (S.D.N.Y. 1973), "if plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid."

In ruling on this motion, the Court must balance the right to know the identity of parties to litigation against the Does' interests in using a fictitious name until the merits can be decided. The OIG does not assert that it or the public will suffer any harm if Jane and John Doe are permitted to proceed under a fictitious name. Nor would there be any harm to the OIG from not knowing the names of two of the 39,000 individuals who remain anonymous. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (government's reputation is not injured where private parties permitted to proceed under fictitious name).

In balancing these interest, numerous courts have recognized that parties who have a "substantial privacy interest involved" should be permitted to proceed pseudonymously. *Roe v. Ingraham*, 364 F. 536, 541; *Doe v. Blue Cross & Blue Shield of Rhode Island* (D.R.I. 1992) 794 F.Supp. 72, 74. The harm that would be caused to the Does if this motion is denied would be significant. *In re Grand Jury Proceedings (Diamonte)* 814 F.2d 61 (1st Cir. 1987); *Southern Methodist*, 599 F.2d 707. In effect, their claims would be rendered moot and they would be

denied an opportunity to be heard on the merits. *In re Grand Jury Proceedings (Diamonte)*, 814 F.2d 61 (1st Cir. 1987) (a party whose information is called for by a subpoena to a third party has a legitimate privacy interest in a motion to compel production). Nor would they have any other means of protecting their confidential information. Even if the court ultimately determines that there is no right to privacy or confidentiality in the information that has been requested, at a minimum Jane and John Doe have the right to litigate the merits of these issues without disclosing their identities

The OIG's reliance on *Qualls v. Rumsfeld*, 228 F.R.D. 8 (D.D.C. 2005) does not change the analysis or result. Among other things, *Qualls* did not involve issues of privacy or confidentiality on the merits. And one of the plaintiffs never sought to protect his name. Nor were the reasons given by the Does to remain anonymous based upon privacy rights recognized by courts and federal agencies.

C.   **The OIG's Assertion That Jane and John Doe's Fears Are Speculative Is Contrary to the Policies of the Federal Government**

Contrary to established policies of the federal government, the OIG asserts that Jane and John Doe should not be permitted to use a fictitious name because their fears are "speculative" and "inadequate to merit anonymous litigation." Opposition at p. 3. Despite the OIG's assertions, many agencies within the federal government recognize rights to privacy and anonymity under these precise circumstances. The U.S. Department of Labor regulations state:

> It is the policy of the Department of Labor to protect the identity of its confidential sources and to prevent an unwarranted invasion of personal privacy. Accordingly, the identity of an employee who makes a confidential written or oral statement as a complaint or in the course of an investigation, as well as portions of the statement which would reveal his identity, will not be disclosed without the prior consent of the employee.

29 C.F.R. § 4.191; see also 29 C.F.R. 4.191 ("It is the policy of the Department of Labor to protect the identity of its confidential sources and to prevent unwarranted invasion of personal privacy"); 29 C.F.R.§ 500.9 (It is illegal to discriminate against migrant and seasonal farm workers including to "intimidate, threaten, restrain, coerce, blacklist, discharge" or refuse to hire because they filed a complaint for a workplace safety violation); 29 C.F.R. § 1952.10(a)(5)(iii) (requiring that state plans for workplace safety provide *"the right of employees...to remain anonymous"*) (emphasis supplied); 29 C.F.R. 37.41 ("[a]n individual whose identity it is necessary to disclose must be protected from retaliation.").[4] Many state agencies have adopted similar policies.[5]

The privacy and confidentiality concerns of Jane and John Doe and the retaliation that they may face now and in the future is not speculative, and has been recognized both by courts throughout this country. *See, e.g., Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973) (permitting pseudonymous filing where informants reported their employer for violations of the Fair Labor Standards Act); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (allowing fictitious filing where plaintiffs had to reveal intimate details about their religious practices for which they were likely to suffer harassment).

---

[4] The OIG's litigation position also contradicts the Inspector General Act of 1978 that requires the to keep names of employees who report violations directly to them in confidence. See Inspector General Act codified at 5 U.S.C. Section 7(b) (prohibiting IGs from "disclos[ing] the identity of the employee without the consent of the employee.").

[5] The California Division of Occupational Safety and Health Policies and Procedures Manual states "A complaint shall be classified as a nonformal complaint when it alleges a workplace hazard or a violation of a Title 8 Safety Order, and it is lodged by (1) an employee-complainant who does not or cannot give his or her name and address to the District; (2) an employee representative who cannot give the name and address of the employee whom the representative represents to the District; or (3) a non-employee." Complaint Evaluation and Documentation, California Division of Occupational Safety and Health Policy and Procedures Manual, Revised 4/8/04.

Nor should the court deny this motion because the OIG parses through Jane and John Doe's declarations to reach conclusions that are inconsistent with what is otherwise known. The evidence on the merits will show that migrant farm workers reside in small communities and have fears that they will be identified as informants.

## II.
## CONCLUSION

For these reasons, Jane and John Doe's motion should be granted.

June 11, 2007                                     Respectfully Submitted,

                                                  _____
                                                  Michael McManus (D.C. Bar No. 263832)
                                                  Elizabeth Ewert (D.C. Bar No. 479368)
                                                  Elizabeth Hirselj (D.C. Bar No. 478239)
                                                  DRINKER BIDDLE & REATH LLP
                                                  1500 K Street, N.W. Suite 1100,
                                                  Washington, DC 20005-3317
                                                  Phone: (202) 842-8800
                                                  Fax:     (202) 842-8465
                                                  E-mail: Elizabeth.Ewert@dbr.com

                                                  Rodney Hudson (*pro hac vice pending*)
                                                  DRINKER BIDDLE & REATH LLP
                                                  50 Fremont Street
                                                  San Francisco, CA 94105-2235
                                                  Phone: (415) 591-7500
                                                  Fax:     (415) 591-7510
                                                  E-mail:  Rodney.Hudson@dbr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2007, a copy of the above and forgoing **Client-Intervenors' Reply In Support of Motion to Proceed Under Fictitious Name** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth L. Ewert
Elizabeth L. Ewert