**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> CALIFORNIA RURAL LEGAL ASSISTANCE, INC., <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Misc. Action No. 07-123 (EGS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

In this matter, the United States and the Office of the Inspector General ("OIG") of the Legal Services Corporation ("LSC") have petitioned the Court to enforce a subpoena for documents against California Rural Legal Assistance ("CRLA"), a legal organization that primarily provides assistance to low-wage laborers and farm workers in California. CRLA is resisting the subpoena on the grounds of attorney-client privilege and confidentiality. Pending before the Court are motions to intervene filed by two groups of parties. The first group seeking intervention, the "attorney-interveners," is comprised of seven of CRLA's forty-nine attorneys. The second group seeking intervention, the "client-interveners," is comprised of two former clients of CRLA, John and Jane Doe, whose personal information in CRLA's records may be disclosed to the OIG pursuant to the subpoena. The client-interveners have also moved

to be allowed to proceed anonymously.  Petitioners oppose all of these motions.

## ANALYSIS

Intervention as of right under Rule 24(a)(2) requires analysis of: (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) whether "the applicant's interest is adequately represented by existing parties."  *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003).  In addition, the moving party must have Article III standing.  *Id.* at 731-32.  In the alternative, a party may be allowed to intervene permissively if they "present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action."  *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

The attorney-interveners' motion to intervene was timely filed pursuant to this Court's scheduling order.  Order, Apr. 18, 2007.  The attorney-interveners have a cognizable interest in this action sufficient for Rule 24 purposes and Article III standing because they have an interest in asserting their

clients' attorney-client privilege and privacy rights, and their low-income clients are hindered in protecting their own rights due to their lack of means, ability, and knowledge of this matter.  *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623 n.3 (1989); *Am. Immigration Lawyers Ass'n v. Reno*, 199 F.3d 1352, 1362 (D.C. Cir. 2000).  As the attorney-interveners are seeking to prevent the disclosure of documents at issue in this matter, an adverse disposition here would impede any further efforts to protect the attorney-client interests.  *See Fund For Animals,* 322 F.3d at 731.

Petitioners contend that the attorney-interveners' interest is not sufficiently concrete because it is unclear whether the documents actually at issue relate to clients represented by the attorney-interveners in particular.  Petitioners argue that because CRLA has not yet specified in detail the information it seeks to withhold, the attorney-interveners cannot establish that their interests are at stake.  The attorney-interveners, however, have alleged that information regarding their particular clients is being sought by the subpoena, which is sufficient at this stage.  *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (noting that intervention motions can even be approved even without formal pleading).

With regard to the final Rule 24 requirement, petitioners contend that the interests of the attorney-interveners are

3

adequately represented by CRLA itself.  The attorney-interveners argue that their interests are more directly at stake than CRLA's because they face disbarment if they do not protect the confidences of their clients.  They also argue that because CRLA is funded by the federal government, it is possible that CRLA could reach a compromise, in part for financial reasons, that does not fully protect their clients' rights.  "The Supreme Court has held that this requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  *Fund For Animals*, 322 F.3d at 735.  In other words, the requirement is "not onerous."  *Id*.  As the attorney-interveners have identified a possible divergence of interests with CRLA, they satisfy this requirement.  Therefore, the attorney-interveners will be permitted to intervene under Rule 24(a)(2).  In the alternative, for these same reasons, the attorney-interveners have made the showing necessary for permissive intervention.

With regard to the client-interveners' motion to intervene, however, the Court finds that the client-interveners' interests will be adequately protected by CRLA and the attorney-interveners.  In particular, the attorney-interveners' sole interest here is to protect their clients' rights, and their position will allow them to do so in a fully-informed fashion.

Although the Court appreciates the interests that the client-interveners have in this matter, the Court is confident that the other parties will submit a thorough record and complete set of arguments for the Court's consideration.

## CONCLUSION

For the foregoing reasons, it is by the Court hereby

**ORDERED** that the attorney-interveners' motion to intervene is **GRANTED**; and it is

**FURTHER ORDERED** that the client-interveners' motion to intervene is **DENIED**; and it is

**FURTHER ORDERED** that the client-interveners' motion to proceed anonymously is **DENIED** as moot; and it is

**FURTHER ORDERED** that the parties, including the attorney-interveners, are directed to file a joint recommendation for future proceedings by **August 13, 2007.**

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            August 6, 2007**