IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>and<br><br>KIRT WEST,<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION,<br>3333 K STREET, NW, 3RD FLOOR,<br>WASHINGTON, D.C. 20007<br><br>                Petitioners,<br><br>    v.<br><br>CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300<br>SAN FRANCISCO, CA  94105<br><br>                Respondent. | **Misc. No. 1:07-MC-00123-EGS** |

MARTIN R. GLICK (CA State Bar No. 40187)
BERNARD A. BURK (CA State Bar No. 118083)
bburk@howardrice.com
Howard Rice Nemerovski Canady Falk & Rabkin
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone: 415/434-1600
Facsimile:  415/217-5910

CHONG S. PARK #463050
cpark@kirkland.com
EDWARD H. MEYERS #973799
emeyers@kirkland.com
SAVERIA B. HARRIS #979410
sharris@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:   202/879-5000
Facsimile:   202/879-5200

*Attorneys for Respondent*

**ANSWER TO PETITION FOR SUMMARY ENFORCEMENT OF
<u>ADMINISTRATIVE SUBPOENA DUCES TECUM</u>**

Respondent California Rural Legal Assistance, Inc. ("CRLA"), for its answer to the Petition of Petitioners Kirt West, Inspector General of the Legal Services Corporation ("OIG") and the United States, alleges as follows:

1. CRLA admits that the documents listed in Paragraph 1 of the petition are attached to the Petition, and that Petitioners are moving to enforce a subpoena against CRLA. The remainder of paragraph 1 contains legal conclusions that require no answer.

## PARTIES

2. Paragraph 2 contains only legal conclusions that require no answer.

3. CRLA admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 contains only legal conclusions that require no answer

5. CRLA admits that it receives federal LSC funding, that LSC-OIG alleges it is conducting an investigation of CRLA, and that LSC-OIG issued a subpoena to CRLA. The remainder of paragraph 5 contains only legal conclusions that require no answer.

6. Paragraph 6 contains only legal conclusions that require no answer.

7. Paragraph 7 contains only legal conclusions that require no answer

8. Paragraph 8 contains only legal conclusions that require no answer

9. CRLA admits on information and belief that LSC is a District of Columbia nonprofit corporation. The remainder of Paragraph 9 contains only legal conclusions that require no answer.

10. CRLA admits that it is a private California nonprofit corporation, founded in 1966 *inter alia* to provide legal assistance and representation to low-income communities throughout California. CRLA admits that it currently provides services through more than 49 attorneys in 23 offices to (among others) low-income residents in more than 16 California counties. CRLA

admits that it receives federal funding from LSC, and that in 2006 approximately $6.8 million of CRLA's approximately $11.2 million budget was funded by federal LSC grants. CRLA denies any remaining allegations of paragraph 10 that are not legal conclusions, which require no answer.

11.    CRLA is informed and believes that LSC-OIG began an investigation of CRLA of which CRLA first became aware in December 2005. CRLA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and denies them on that basis.

12.    CRLA admits that on or about March 16, 2006, LSC-OIG served CRLA with an administrative request for information and documents; that request speaks for itself and Petitioners' allegations purporting to describe it require no answer. CRLA admits that it actually provided more than 6,000 pages of documents and some megabytes of data to OIG. CRLA admits that it has objected to providing OIG certain client names and certain other client information. CRLA denies any remaining allegations of paragraph 12 that are not legal conclusions, which require no answer.

13.    CRLA admits that, on or about September 14, 2006, LSC-OIG provided what it called an "interim report" to the Subcommittee on Commercial and Administrative Law of the House Committee on the Judiciary. The so-called "interim report" speaks for itself and Petitioners' allegations purporting to describe it require no answer. CRLA denies any remaining allegations of paragraph 13 that are not legal conclusions, which require no answer.

14.    CRLA admits that it had oral and written communications with OIG concerning OIG's administrative request on several occasions between March 2006 and October 2006, and that those discussions touched on (among other things) certain client-identifying documents or

information, documents pertaining to CRLA priority setting and CRLA task force meetings, and documents pertaining to CRLA's interactions with certain governmental agencies. CRLA admits that some disagreements persisted between CRLA and OIG as to the administrative request. CRLA is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 14, including but not limited to whether the Subcommittee on Commercial and Administrative Law of the House Committee on the Judiciary is awaiting a final report, and accordingly denies them on that basis.

15.   CRLA admits that the OIG served CRLA with a subpoena *duces tecum* on October 17, 2006. That document speaks for itself, and Petitioners' allegations purporting to describe it require no answer. The remainder of Paragraph 15 comprises legal conclusions that require no answer.

16.   CRLA admits that on or about November 17, 2006, and thereafter, CRLA produced documents in response to the subpoena. CRLA admits that it has objected to producing certain client identification data, and certain unredacted copies of previously redacted materials, certain documents or portions thereof pertaining to task force meetings, and certain documents or portions thereof pertaining to CRLA's interaction with certain government agencies. CRLA denies the remaining allegations of Paragraph 16.

17.   CRLA admits that LSC-OIG issued the Subpoena duces tecum to CRLA. CRLA denies that it is impeding any proper investigation. CRLA denies the remaining allegations of Paragraph 17 other than the ones comprising legal conclusions, which require no answer.

18.   CRLA admits that more than 12 months have passed since the OIG's initial administrative document request. CRLA denies that the document request is not unduly burdensome. CRLA denies the remaining allegations of Paragraph 18 other than the ones

comprising legal conclusions and the ones that purport to describe OIG's administrative request or its subpoena (both of which are documents that speak for themselves), which require no answer.

## AFFIRMATIVE DEFENSES

To the extent (if any) affirmative defenses should be pled, Respondent alleges an affirmative defense, and here relies upon, on each and every ground for denying, limiting, modifying or conditioning enforcement of, quashing, or granting other relief with respect to the Petition and the Subpoena stated in its accompanying Memorandum of Points and Authorities, and the Answer and Memorandum of Points and Authorities concurrently filed by the Attorney-Interveners.

## RELIEF REQUESTED

WHEREFORE, CRLA respectfully requests that the Court:

1. Issue no Order to Show Cause;

2. Deny enforcement of the Subpoena; or alternatively limit and/or modify the Subpoena, and/or impose terms or conditions on the enforcement of the Subpoena to any extent that it may be enforced, consistent with those enumerated in the Conclusion to the accompanying Memorandum of Points and Authorities, or otherwise impose modifications, limitations, terms and/or conditions on the enforcement of the Subpoena to any extent that it may be enforced consistent with Respondent's and its clients' rights and duties under federal and state law;

3. Award Respondent its costs of suit and, to the extent permitted by law, its attorneys' fees in responding to and opposing the administrative document and data request, the Subpoena and the Petition; and

4.  Grant such other or further relief as may be just and proper.


Dated:  September 14, 2007.          MARTIN R. GLICK (Cal. State Bar No. 40187)
                                     BERNARD A. BURK (Cal. State Bar No. 118083)
                                     HOWARD RICE NEMEROVSKI CANADY FALK &
                                         RABKIN
                                     A Professional Corporation


                                     By:  _____/s/ *Bernard A. Burk*_____
                                              BERNARD A. BURK

                                     Three Embarcadero Center, 7th Floor
                                     San Francisco, California 94111-4024
                                     Telephone:   415/434-1600
                                     Facsimile:   415/217-5910
                                     Email:       bburk@howardrice.com


                                     CHONG S. PARK #463050
                                     EDWARD H. MEYERS #973799
                                     SAVERIA B. HARRIS #979410
                                     KIRKLAND & ELLIS LLP


                                     By:  _____/s/ *Chong S. Park*_____
                                              CHONG S. PARK

                                     655 Fifteenth Street, N.W.
                                     Washington, D.C. 20005
                                     Telephone:   202/879-5000
                                     Facsimile:   202/879-5200
                                     E-mail: cpark@kirkland.com

                                         *Attorneys For Respondent*