IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>KIRK WEST,<br>INSPECTOR GENERAL OF THE<br>LEGAL SERVICES CORPORATION,<br>3333 K STREET, NW, 3RD FLOOR<br>WASHINGTON, D.C. 20007<br><br>Petitioners,<br><br>v.<br><br>CALIFORNIA RURAL LEGAL<br>ASSISTANCE, INC.,<br>631 HOWARD ST., #300<br>SAN FRANCISCO, CA 94105<br><br>Respondent. | Misc. No. 1:07-MC-00123-EGS |

MARTIN R. GLICK (CA State Bar No. 40187
BARNARD A. BURK (CA State Bar No. 118083)
bburk@howardrice.com
Howard Rice Nemerovski Canady Falk & Rabkin
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-0424
Telephone:  415/434-1600
Facsimile:  415/217-5910

CHONG S. PARK #463050
cpark@kirkland.com
EDWARD H. MEYERS #973799
emeyers @Kirkland.com
SAVERIA B. HARIS #979410
sharris @kirkland.com
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:  202/879-5000
Facsimile:  202/879-5200

**ERRATA TO DECLARATION OF WILLIAM G. HOERGER IN SUPPORT OF OPPOSITION TO PETITION FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE THAT Respondent California Rural Legal Assistance, Inc's ("CRLA") Opposition To Petition For Summary Enforcement Of Administrative Subpoena Duces Tecum, contains the following inadvertent error:

A potion of Exhibit O to the Declaration of William G. Hoerger In Support of Opposition To Petition For Summary Enforcement Of Administrative Subpoena Duces Tecum, filed with the Court on September 14, 2007, was inadvertently not filed. The exhibit was filed with the even number pages missing. A true and correct copy of the entire document is attached hereto as Exhibit O.

Dated: August 25, 2008

MARTIN R. GLICK (Cal. State Bar No. 40187)
BERNARD A. BURK (Cal. State Bar No. 118083)
HOWARD RICE NEMEROVSKI CANADAY
FALK & RABKIN, A Professional Corporation
By:     /s/ Bernard A. Burk
            BERNARD A. BURK

Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:    415/434-1600
Facsimile:    415/217-5910

CHONG S. PARK #463050
EDWARD H. MEYERS #9733799
SAVARIA B. HARRIS #9794410
By:     /s/ Chong S. Park
            CHONG S. PARK

655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone:    202/879-5000
Facsimile:    202/879-5200
E-mail: cpark@kirkland.com

*Attorneys for Respondent*

CALIFORNIA RURAL LEGAL ASSISTANCE, INC.                    08/22/06

TO:        Laurie Tarantowicz, General Counsel and Assistant Inspector General
           Office of the Inspector General
           LEGAL SERVICES CORPORATION

FROM:      Bill Hoerger, Director of Litigation, Advocacy & Training

RE:        **OIG Document Request of March 16, 2006 - -
           Item # 4:  Employee Work Plans for CRLA/Modesto
           Response**

---

I.    **CRLA Documents Corresponding to Your Request:**

      A.    **CRLA "Six Month Work Plan[s] For Significant Case or Project"**

Item 4 of your above-referenced request requires:

> For the period January 1, 2003 to present, copy of three- and/or
> six-month employee plans for all CRLA Modest staff and any
> resulting reports or other memoranda.

As of the relevant period, recent CRLA practice had been to require advocates to prepare and provide semi-annual ("Six Month") "work plans" for significant cases or projects for review by the Directors of Litigation, Advocacy and Training.[1]  This process was disrupted during the relevant period as a result of our unsuccessful efforts to integrate workplan preparation into our Kemps Clients-for-Windows data base (with the goal of reducing or eliminating the need for staff to manually produce separate reports).  Accordingly, the only workplans prepared during the relevant period were a set in May, 2003, and another in January, 2004.  We produce here these two sets of reports for Modesto advocates, subject to the limitation hereafter described.

      B.    **"Work Plan" Format:**

---

[1] CRLA's 1998 revision of its Case Handling and Office Procedures Manual specified that work plans were to be prepared every four months.  The reporting period had subsequently been extended to every six months as we attempted to integrate this reporting system into, first our Turbo reporting system and then Kemp's Clients For Windows.

During the relevant period, the format for work plans called for providing the following information:

**Date:**

**Name:**                                              **Office:**

**Number of Pending O/C Cases:**

**Number of Pending Open Cases:**      **Number of Other Pending Projects**

**File No:**                                           PAI          IOLTA

**Client Name:**

**Date Project/Case Opened:**          **Type of Priority Emphasis:**

**Court Case No. & Name of al Parties or Project Name:**

**Names of Other CRLA Staff Working on Case/Project:**

**Names of Outside Counsel on Case/Project:**

**Brief Description of Case/Project: (e.g. type of Case or Project, Claims & Defenses):**

**Procedural History of Action Taken to Date (e.g. complaint filed on X date, 1st set of interrogatories drafted and served, did 5 field inspections looking for X, meeting held with X, etc.):**

**Brief Description of Actions Taken During 6-month Period (e.g., research, type of pleading drafted/filed, negotiations, meetings):**

**Specific Steps/Action to be Taken**     **By Whom**     **Time/Days Needed & Date of Completion**

II.  **Contents Excised[2] From Enclosed Work Plans:**

Accompanying this memorandum are copies of the Six Month Work Plans from CRLA/Modesto staff for May, 2003 and January, 2004.[3]  These copies are true, except as to excerpts or contents that have been excised and so indicated as hereafter described. .

---

[2]In your and our discussions, we have at various times used the terms "redacted" and "excised"; I do not draw any distinction between those terms.

[3]For the purpose of facilitating discussion, I have caused the reports for each year to be sequentially paginated, generally in the lower-right corner of each page

A. **Application of Federal Attorney-Work-Product Protection**

Material excised from the enclosed work plans under the federal protection [4] is marked: "Excised-Note 1". We apply this doctrine as explained in Note 1 to this memorandum;

We believe that all material excised falls within the description of "mental impressions, conclusions, opinions, or legal theories of an attorney . . . of a party" as those terms are used in the referenced, and other federal authorities. In general, we have excised the entries under the following headings:[5]
- "Goal/Objective of Case/Project";
- "Brief Description of Case/Project: (e.g., type of Case or Project, Claims and Defenses)" [*but, see* "Offer to Compromise" at Part III, below]
- "Specific Steps/Action to be Taken"

---

[4] We adopt the term "protection" as the term used in Epstein, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE [*sic.*] (Fourth ed., 2001), American Bar Ass'n, Section of Litigation, *see*, p. 478.

[5] Generally, the responses to these entries constitute "mental impressions, conclusions, opinions, or legal theories of an attorney". However, some exceptions occur: occasionally advocates erroneously entered information entered under a heading that did not correspond to "goals" or "objectives" or "steps to be taken" and may have consisted of matter that did not constitute "impressions, conclusions, opinions, or legal theories"; in these instances we have not excised the material. Conversely, on occasion, an advocate has included material constituting "impressions, conclusions, opinions, or legal theories" under another heading within the workplan–in these instances we have excised the material and so noted.

B.  **Application of California Attorney Work-Product Protection**

Material excised from the work plans under the California protection is marked: "Excised-Note 2". We apply this doctrine as explained in Note 2 to this memorandum. Because the California doctrine is broader than the federal doctrine, any material claimed to be protected, and excised under, the federal protection will also, separately and additionally, be claimed to be protected, and will be excised, under the California protection.

As is the case with application of the federal protection, we believe that all material excised falls within the description of "mental impressions, conclusions, opinions, or legal theories of an attorney . . . of a party" as those terms are used in the referenced, and other federal authorities. In general, we have excised the entries under the following headings:[6]
- "Goal/Objective of Case/Project";
- "Brief Description of Case/Project: (e.g., type of Case or Project, Claims and Defenses)" [but, see sub-title below]
- "Specific Steps/Action to be Taken"


C.  **Attorney-Client [Communication] Privilege**

In a very few instances, entries in work plans reflected communications from a client. These excerpts have been excised (and so indicated on the work plans) as "attorney-client privilege", and in some instances additionally under work-product protections.


D.  **Client Identities**

On approximately 17 work plans, we have excised the client name[s] as confidential under one of two general approaches: (1) the client identity and fact of CRLA representation has not been publicly revealed or manifested; or (2) representation of the client occurred within an administrative proceeding pursuant to which the party's identity and participation in the proceeding is confidential under applicable federal or state statutory law.

(1)  **Client Representation Never Publicly Revealed Nor Manifested**

As you are aware, CRLA believes that under California law, we cannot reveal the identities of clients where the attorney-client relationship has not been publicly manifested or revealed. I refer you in particular to CRLA's respective letters of April 14, 2006 (over William Hoerger's signature) to Inspector General Kirt West and of August 4 (over Jose Padilla's signature) to

---

[6]*See*, footnote 5, *ante*.

Assistant Inspector General Laurie Tarantowicz. For your convenience, copies of these letters are attached as respectively Notes 3-A and 3-B.

Under this doctrine, client names have been excised (and marked: "Excised - Note 3") from the work plans as follows:

May 2003 Six Month Work Plans:

| Page No. | CRLA File No. |
|---|---|
| 13 | 02-45037077   [Stockton case] |
| 16 | [no file opened for this client] |
| 55 | [same case as on p. 16 - - no file opened for this client] |
| 60-61 | 03-38035860 |
| 62 | 00-380029683 |
| 69 | 03-38035860 [same case as on p. 61] |
| 71 | 00-380029683 [same case as on p. 62] |

January 2004 Six Month Work Plans:

| Page No. | CRLA File No. |
|---|---|
| 14 | 04-38038212 |
| 28 | 00-38029915 |
| 37 | 03-38037717 |
| 38 | 00-380029683 |
| 62 | 04-38038212 [same case as on p. 14] |

    (2)    **Client Appearance and Participation in Proceeding Confidential Under Applicable Federal and/or State Law**

In some instances, we have determined that we represented a client solely within an administrative proceeding in which the client's claim, defense or other participation is confidential under the applicable federal or state law governing the proceeding. These issues of confidentiality were previously raised with you in our letters and accompanying memoranda of January 15, 2002, during the OIG's Part 1610 "Program Integrity" audit of CRLA of 2001-2004. We are re-submitting attached to this communication the applicable memoranda from 2002, identified as follows:

    Note 4    -    Memo of 1/14/02 re Social Security
    Note 5    -    Memo of 1/14/02 re Food Stamps (and other benefits)
    Note 6    -    Memo of 1/14/02 re School Expulsions

The work plans from which client names have been so excised are as follows:

### May 2003 Six Month Work Plans:

| Page No. | CRLA File No. | Reason for Maintaining Client Confidence |
|---|---|---|
| 26 | 02-38034991 | Note 4 |
| 27 | "        " | Note 4 |
| 28 | "        " | Note 4 |
| 42 | 02-38035004 | Note 4 |
| 43 | 02-38034384 | Note 4 |
| 44 | 03-38035670 | Note 4 |
| 45 | 03-38035632 | Note 5 |
| 67 | 02-38035564 | Note 6 |
| 68 | "        " | Note 6 |
| 73 | 02-38033991 | Note 4 |

### January 2004 Six Month Work Plans:

| Page No. | CRLA File No. | Reason for Maintaining Client Confidence |
|---|---|---|
| 28 | 02-38035564 | Note 6 |
| 30 | "        " | Note 6 |
| 46 | 03-38038023 | Note 4 |

### III. Offer to Compromise re item "Brief Description of Case/Project . . . etc."

As noted above, we have generally excised the responses to this item as advocates' summaries and identification of the most critical facts within a case constitute "impressions, conclusions, opinions, or legal theories", and thus constitute work-product. (And in some instances - - as noted in Footnote 5, *ante* - - responses have included non-factual impressions, conclusions and/or strategy comments.) We have not excised responses or portions thereof that describe a filing or other public document.

We offer to compromise on this item ("Brief Description . . . etc."), and provide you the response insofar as it reflects a summary of the facts in each instance (subject to any other applicable privilege that might arise, and further subject to continued excise of impressions, conclusions and/or strategy comments), conditioned upon your written agreement that in asserting in any forum or tribunal your position or right to obtain contents CRLA has excised as to **other items** in these work plans, you will not in any manner, explicitly or by implication, assert or take the position that CRLA has waived work-product protection as to those **other item[s]** by virtue of having provided you the responses to "Brief Description . . . etc.". To clarify, this offer, if accepted, does not prevent the Inspector General from asserting any other rights you believe

appropriate in seeking the excised content to **other items** *except* insofar as you will not assert in seeking that content that CRLA has in any manner waived our right to assert work-product protection to that **other item[s]** by virtue of provided the responses to the "Brief Description . . . etc." item.

## NOTE 1

In claiming and applying the federal attorney work-product protection to CRLA's employee work plans, we adhere to the standard established in Hickman v. Taylor (1947) 329 U.S. 495 [67 S.Ct. 385]:

> .... In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways - - aptly though roughly termed ... as the "Work product of the lawyer."

(Hickman, *supra*, 329 U.S., at 511.)

We are further guided by, and apply the following principles:

- We interpret and apply as the fundamental teaching of Hickman that material collected and/or generated by counsel in the course of preparation for possible litigation is protected from disclosure.

    - We interpret or apply "litigation" as including "a proceeding in court or administrative tribunal in which the parties have the right to cross-examine witnesses or to subject an opposing party's presentation of proof to equivalent disputation." (United States. v. American Tel. & Tel. Co. (D.D.C. Feb. 28, 1979) Civ. No. 74-1698, Special Masters' Guidelines for the Resolution of Privilege Claims.).
    - The proceeding for which documents are prepared need not actually take place in a court of record, as long as the proceeding is adversarial in nature.

- "In anticipation" includes where an adversarial relationship is predictable. (In re International Sys. & Controls Corp. Sec. Litig. (5th Cir. 1982) 693 F.2d 1235, 1239 n. 4 and 1239.)

    - "In anticipation" means such time as the party who normally would initiate the proceeding had tentatively formulated a claim demand, or charge. (United States. v. American Tel. & Tel. Co. (D.D.C. Feb. 28, 1979) Civ. No. 74-1698, Special Masters' Guidelines for the Resolution of Privilege Claims.)
    - ".... Material prepared when litigation is merely a contingency." (Burlington

- Indus. V. Exxon Corp. (D.Md. 1974) 65 F.R.D. 26, 42.)
  - Investigatory reports compiled in preparation for determination as to whether there is sufficient merit to justify instituting formal proceedings are prepared "in anticipation of litigation", even if no litigation actually ensues. (Kent Corp.v. National labor Relations Bd. (5th Cert. 1976) 530 F.2d 612, 615, 623.)
  - The claim likely to lead to litigation must pertain to this particular opposing party, not the world in general. (International Ins. Co. v. Lloyd's of London (N.D.Ill. 1990) 1990 WL 205461, at *4.)
  - Materials need not be prepared for the suit that actually occurs but may be prepared with an eye to possible litigation. (Rogers v. U.S. Steel Corp. (W.D.Pa. 1975) 22 F.R. Serv.2d (CBC) 324.)

- Federal work-product protection under Hickman principles is available in investigative proceedings. (Upjohn Co. V. United States (1981) 449 U.S. 383.)

- Protection does not terminate by virtue of the termination of the litigation. (Manna v. United States Dept. Of justice (D.N.J. 1993) 815 F.Supp. 798.)
  - Protection extends beyond the litigation for which the material was prepared. (Federal Trade Comm'n v. Grolier Inc. (1983) 462 U.S. 19, 25-27; In re Murphy (8th Cir. 1977) 560 F.2d 326, 334-334; Duplan Corp. v. Moulinage et Retorderie de Chavanoz (4th Cir. 1973) 487 F.2d 480, 483-484.)

- Hickman principles protect, inter alia:
  - attorney's recollections of a witness's conversations (In re Grand Jury Proceedings (8th Cir. 1973) 473 F.2d 840, 848;
  - interviews, statements, memoranda, correspondence (Hickman, supra, 429 U.S. 495, 511);
  - material that discloses attorney thought processes or the direction of an attorney's thinking regarding the case, including sifting of relevant from irrelevant facts (Hickman, *supra*, 329 U.S., at 510-511; In re Grand Casinos, Inc. (D.Minn. 1998) 181 F.R.D. 615, 622; ABA, pp. 496-497)
  - collection and compilation of documents by counsel in preparation for pretrial discovery (Sporck v. Peil (3d Cir. 1985) 759 F.3d 312, 315-317.)
  - documents revealing counsel's understanding of the case (James Julian, Inc. v. Raytheon Co. (D.Del. 1982) 93 F.R.D. 138, 144.)
  - documents that afford the potential for significant insights into the lawyers' preparation of their case (Board of Educ.v. Admiral Heating & Ventilating, Inc. (N.D.Ill. 1984) 104 F.R.D. 23, 32.)

- Assessments of ongoing litigation clearly incorporate an attorney's mental impressions. (Carey-Canada, Inc. v. Aetna Cas. & Sur. Co. (D.D.C. 1987) 118 F.R.D. 242.)

**NOTE 2**

In claiming and applying the California attorney work-product protection, we adhere to these standards:

- The California protection is not limited to documents and tangible items prepared in anticipation of litigation or for trial, but "applies as well to writings prepared by an attorney while acting in a non-litigation capacity", i.e., whenever a lawyer is acting in her or his capacity as a lawyer even when working in a non-adversarial context. (State Comp. Ins. Fund v. Superior Court (2001) 91 Cal.App.4th 1080 [11 Cal.Rprt.2d 284]; County of Los Angeles v. Superior Court (2000) 82 Cal.App.4th 819, 833 [98 Cal.Rprt.2d 564].) Thus, the California definition of work product is substantially broader than the federal definition.

- The doctrine survives the termination of the matter for which it was developed. (Fellows v. Superior Court (1980) 108 Cal.App.3d 55, 63 [166 Cal.Rptr. 274]; 71 Op.Atty.Gen. 5 (Jan. 14, 1988).)

- Although codified within California's Civil Discovery Act, the protection is applied outside the context of formal civil discovery. (See, cases listed in CEB, 1 California Civil Discovery Practice (3rd ed. May 2005 update), Sec. 3.54, pp. 234-235.)